UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SHARLANDS TERRACE, LLC; et al,<br><br>　　　　　Defendants.<br>_____<br><br>SILVER STATE FAIR HOUSING<br>COUNCIL, INC. And PAUL BABIAK,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>SHARLANDS TERRACE LLC; et al,<br><br>　　　　　Defendants<br>_____ | 03:04-CV-00292-LRH-RAM<br>– *consolidated with* –<br>03:04-CV-00397-ECR-VPC<br><br>O R D E R |

Presently before the court is cross-defendant CJS Plumbing Inc.'s ("CJS Plumbing") motion for summary judgment (#110[1]).  Cross-claimant and third party plaintiffs Windgate Apartments LP, 1930 Wright Street LLC, 5311 College Oak Drive LLC, 3859 Annadale Lane LLC, Sharlands Terrace Apartments I, LLC, and Sharlands Terrace Apartments II, LLC (collectively "Windgate")

---

[1] References to (#XX) refer to the court's docket.

have filed an opposition (#135) to which CJS Plumbing has replied (#162).

A court must grant summary judgment if the pleadings and supporting documents, when viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue as to any material fact is only "genuine" if the evidence regarding the disputed fact is "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to preclude summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.*

CJS Plumbing argues that summary judgment is appropriate because CJS Plumbing is not a proper party to the lawsuit.[2] Instead, CJS Plumbing contends, through the affidavit of CJS Plumbing President Carl Overmier, that the company which performed the plumbing work on the Sharlands Terrace apartment complex was CJS Company, a sole proprietorship owned and operated by Mr. Overmier. Windgate opposes summary judgment on the ground that the building permit for the plumbing work was issued to CJS Plumbing and not CJS Company. Further, Windgate contends that many issues have not been properly flushed out in discovery including which company signed the construction contracts and whether CJS Plumbing would be responsible for any debts held by CJS Company upon the close of that business based on Mr. Overmier's dual ownership.

Federal Rule of Civil Procedure 56(f) allows a party opposing summary judgment, who has not had sufficient time to complete discovery, to move for a continuance of the proceedings pending the completion of discovery. *THI-Hawaii, Inc. v. First Commerce Financial Corp.*, 627 F.2d 991, 994 (9th Cir. 1980). To merit a continuance for additional discovery under Rule 56(f),

---

[2] As the parties are well associated with the complex facts of the underlying lawsuit, the court will only relate those facts necessary to resolving the pending motion.

1   the party opposing summary judgment must file an affidavit specifying the facts that would be
2   developed through further discovery. *See In re Silicon Graphics Inc. Securities Litig.,* 183 F.3d
3   970, 989 (9th Cir.1999).  Windgate has requested additional time pursuant to Rule 56(f) to
4   complete the discovery necessary to determine whether CJS Plumbing is a proper defendant and
5   has filed a proper affidavit requesting such relief.
6       The court considers the conflict between the affidavit of Mr. Overmier and the building
7   permits issues to be of some importance.  In addition, the court believes that further discovery will
8   clarify the exact role CJS Plumbing had in the construction of the Sharlands Terrace Apartments
9   and allow for a proper determination whether CJS Plumbing is a proper defendant.  Therefore, the
10  court denies CJS Plumbing's motion for summary judgment without prejudice to allow for further
11  discovery pursuant to Rule 56(f).
12      CJS Plumbing's request for attorney's fees and sanctions is denied.
13      IT IS SO ORDERED.
14      DATED this 24th day of January, 2006.

                                                                     _____
                                                                       LARRY R. HICKS
                                                                       UNITED STATES DISTRICT JUDGE