# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>vs.<br><br>SHARLANDS TERRACE LLC, ET AL.,<br><br>    Defendants. | 3:04-CV-00292-LRH (VPC)<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**<br><br>October 10, 2006 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court are:

(1) Cross-defendant Jeff Codega Planning and Design, Inc.'s ("JCP&D") motion to strike untimely cross claims, or in the alternative, motion to dismiss (#206). Joining in JCP&D's motion are cross-defendants Sharlands Terrace LLC, Blatt Development of Nevada, Inc. and Michael Blatt, individually (collectively "Blatt") (#207) and Jim Tibbens DBA San Joaquin Design Group ("SJDG") (#208). Defendants/cross-claimants Windgate Apartments LP, 1930 Wright Street LLC, 5311 College Oak Drive LLC, 3859 Annandale Lane LLC, Sharlands Terrace Apartments I, LLC and Sharlands Terrace Apartments II, LLC ("Current Owners") opposed JCP&D's motion (#220) and SJDG's motion (#224). Cross-defendants JCP&D and SJDG replied (#243 and #250, respectively).

(2) Cross-defendant JCP&D's motion to strike untimely cross claims, or in the alternative, motion to dismiss (#211). Joining in JCP&D's motion are cross-defendants Blatt (#213) and

SJDG (#218). Defendants/cross-claimants Current Owners opposed (#223) and filed a corresponding affidavit and exhibits under seal (#227). Cross-defendants JCP&D and SJDG replied (#243 and #250, respectively).

(3) Plaintiff United States' motion to strike amended answers, and alternatively, motion to dismiss counterclaim (#215). Plaintiff Silver State Fair Housing Council, Inc. ("Silver State") joined in the motion (#221). Defendant Current Owners opposed (#238) and plaintiff United States replied (#254).

(4) Plaintiff United States' motion to strike exhibits A and B to the declaration of Michael J. Flynn (#229). Defendant Current Owners opposed (#255) and plaintiff United States replied (#256).

The court has thoroughly reviewed the record and the motions and recommends that: (1) cross-defendant JCP&D's motion to strike untimely cross claims, or in the alternative, motion to dismiss (#206) be denied as moot; (2) cross-defendant JCP&D's motion to strike untimely cross claims, or in the alternative, motion to dismiss (#211) be granted; (3) plaintiff United States' motion to strike amended answers, and alternatively, motion to dismiss counterclaim (#215) be granted; and (4) plaintiff United States' motion to strike exhibits A and B to the declaration of Michael J. Flynn (#229) be denied as moot.

## I. HISTORY & PROCEDURAL BACKGROUND

This action arises from alleged violations of the Fair Housing Act, 42 U.S.C. § 3604 ("FHA"). The complaint alleges that defendants discriminated against a handicapped individual with regard to the availability of rental units and the terms and conditions of those units, and also by failing to design and construct a dwelling in compliance with the accessibility and adaptability features mandated by the FHA (#164). Plaintiffs also allege that the violations committed by the

2

1  defendants constitute a pattern or practice of resistance to – as well as denial of – the full
2  enjoyment of rights granted to handicapped persons by the FHA, which constitutes violations of
3  42 U.S.C. §§ 3601-3619. *Id*.
4
5     Plaintiffs in this action are Paul Babiak ("Babiak"), the Silver State Fair Housing Counsel
6  and the United States. *Id*. Defendant include: Sharlands Terrace LLC, the original owner,
7  developer, and manager of the Sharlands Terrace Apartments ("Apartments") who, according to
8  the allegations, was responsible for the design and construction of the Apartments; JCP&D, who
9  provided civil engineering services for the design and construction of the Apartments; SJDG, who
10  was the architect responsible for the design; Blatt Development of Nevada, who served as builder
11  in the construction of the Apartments; and the Current Owners, who purchased the Apartments
12  from Sharlands Terrace LLC. *Id*.
13
14     The original complaint was filed by the United States on June 4, 2004 (#2). On April 15,
15  2005, the Current Owners filed a motion for extension of time, requesting that the court's
16  scheduling order be revised to extend the date to amend the pleadings and add parties (#82).
17  Plaintiffs did not oppose the motion (#95, #97). On June 29, 2005, the court granted the Current
18  Owners' motion for extension of time (#82); thus, the deadline to amend the pleadings under the
19  Court's scheduling order was June 14, 2005 (#106).
20
21     Also on April 15, 2005, plaintiff United States filed a motion for leave to amend its
22  complaint to add Michael T. Blatt as a defendant (#78, #79). In a hearing on October 12, 2005,
23  the court granted the plaintiff's unopposed motion (#163) and the first amended complaint was
24  filed (#164). On October 25, 2005, defendant JCP&D answered plaintiff United States' first
25  amended complaint (#167). Between September 2005 and June 2006, the parties attempted to
26  settle the case through private mediation.
27
28

3

On June 2, 2006, the Current Owners filed an answer to plaintiff United States' first amended complaint, which also included a new cross-claim for violation of the FHA and a cross-claim for professional malpractice[1] against defendants JCP&D, Blatt and SJDG (#202). On June 16, 2006, the Current Owners filed an amended answer that, in addition to the cross-claim against defendants JCP&D, Blatt and SJDG, included a counterclaim against plaintiff United States for a declaratory judgment that the plaintiffs' attempt to enforce a consent decree between the plaintiffs and defendants JCP&D, Blatt and SJDG on the Current Owners would constitute an inverse condemnation and an unconstitutional taking under the Fifth Amendment (#210).

Defendants' and plaintiff, United States, then filed their motions to strike the answer, counterclaim and cross-claim.

## II. DISCUSSION & ANALYSIS

**A. Discussion**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within a certain time frame, otherwise, a party may amend its pleading "only by leave of court or by written consent of the adverse party." FED.R.CIV.P. 15(a). Leave to amend "shall be freely given when justice so requires." *Id*. The Supreme Court has stated that

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal citations omitted). The grant or denial of the

---

[1] The Current Owners note that they had previously filed a professional negligence cross-claim against JCP&D and SJDG that preceded their answer on June 2, 2006(#223).

4

leave to amend is at the discretion of the district court. *Id*. Factors that merit straying from the liberal "freely given" edict are bad faith, futility, and undue delay; however, undue delay by itself is insufficient to justify denying a motion for leave to amend. *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999).

Finally, Rule 15(a) requires a party to plead in response to an amended pleading "within 10 days after service of the amended pleading... unless the court otherwise orders." FED.R.CIV.P. 15(a). A responsive pleading under Rule 15(a) may be stricken if it is not timely. *Fantasy, Inc. v. Fogerty*, 664 F.Supp. 1345, 1347 (N.D.Cal. 1987), *affirmed by* 984 F.2d 1524 (9th Cir. 1993), *reversed on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

Under Rule 16(b), the court must set a scheduling order in a case that limits the time "to join other parties and to amend the pleadings." FED.R.CIV.P. 16(b)(1). Despite Rule 15's ordinary applicability to amended pleadings, once a court has issued a Rule 16 scheduling order and the time for amending pleadings has expired, Rule 16(b) is implicated. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 607-08 (9th Cir. 1992); *see also S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.,* 315 F.3d 533, 535-36 & n.1 (5th Cir. 2003) (agreeing with the First, Second, Eighth, Ninth and Eleventh Circuits that Rule 16(b) trumps Rule 15(a) when a motion to amend comes after the deadline set forth in a scheduling order). A court may deny as untimely a motion for leave to amend the pleadings filed after the scheduling order cut-off date where no request to modify the scheduling order has been made. *U.S. Dominator, Inc. V. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir, 1985) *superseded by rule on other grounds as stated in Simpson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir. 1996). Although some circuits allow a motion for leave to amend a pleading to be treated as a *de facto* motion to amend a scheduling order, this is not

5

1  generally the rule in the Ninth Circuit. *Johnson*, 975 F.2d at 609 (finding that a motion to for
2  leave to amend a pleading is not a motion to amend a scheduling order).

3      The district court is given broad discretion and any decision that the scheduling order is
4  preclusive is reviewed for abuse of discretion. *Id*. at 607. The focus of the analysis under Rule
5  16(b) to modify a scheduling order for "good cause" analysis is on the diligence of the party
6  seeking leave to amend. *Id*. at 609, *citing* FED.R.CIV.P. Advisory Committee Notes (1993
7  amendment). "Although the existence or degree of prejudice to the party opposing the
8  modification might supply additional reasons to deny a motion, the focus of the inquiry is upon
9  the moving party's reasons for seeking modification. If that party was not diligent, the inquiry
10 should end." *Id*. (citations omitted). "Carelessness is not compatible with a finding of diligence
11 and offers no reason for a grant of relief." *Id*., *citing Engleson v. Burlington Northern R. Co.*, 972
12 F.2d 1038, 1043 (9th Cir. 1992).

**B. Analysis**

    **1. JCP&D's Initial Motion to Strike**

Cross-defendant JCP&D filed its initial motion to strike untimely cross claims, or in the alternative, motion to dismiss on June 14, 2006 (#206) in response to the answer and cross-claim filed by the Current Owners on June 2, 2006 (#202). Cross-defendants Blatt and SJDG joined in JCP&D's motion. *See* # 207 and #208. Subsequently, on June 16, 2006, the Current Owners filed an amended answer adding the counterclaim against the United States (#210). The filing of the amended answer mooted JCP&D's initial motion to strike (#206) and other defendants' joinder in the motion (#207 & #208), and as such, the court reviews the arguments in the subsequent set of motions.[2]

---

[2] All parties have acknowledged that the initial motions (#s 206, 207 and 208) are moot – cross-defendant JCP&D re-filed its motion to strike untimely cross-claims or, in the alternative, motion to dismiss

6

**2. JCP&D's Motion to Strike Untimely Cross-Claim and United States' Motion to Strike Answer and Counterclaim**

JCP&D makes a number of procedural arguments as to why the Current Owners' answer is improper (#211). The United States makes similar arguments (#215). The Current Owners filed counter-arguments to both motions (#223 and #238, respectively). The Court considers each argument in turn.

**a. Failure to File a Timely Response Under Rule 15(a)**

JCP&D argues that the Current Owners have waived their right to file an answer because they failed to file a responsive pleading to plaintiff United States' amended complaint for seven months (#211). The Current Owners argue that JCP&D has no standing to make this argument because their answer was filed in response to the *plaintiff's* amended complaint and as such, only the plaintiff can challenge the time frame in which the answer was filed (#223). The Court notes, however, that the United States argues that the Current Owner's answer is untimely under Rule 15(a) (#215), and as such, the Court will address this issue and all of the parties' arguments here.

As noted above, parties have ten days to file a responsive pleading to an amended complaint "unless the court otherwise orders." FED.R.CIV.P. 15(a). Here, the Current Owners filed their responsive pleading on June 16, 2006, over seven months after the time to respond had expired.

The Current Owners argue that Rules 12 and 15 are "self-enforcing" and that "the

---

in response to the amended answer (#211); cross-defendants Blatt and SJDG, re-filed their joinder in JCP&D's motion (#213 and 218, respectively); and the Current Owners stated in their response to JCP&D's initial motion that "[C]ounsel for cross-defendant and moving party Jeff Codega Planning & Design, Inc,. and counsel for cross-claimants agree that the Motion to Strike Untimely Cross-Claims or, in the Alternative, Motion to Dismiss filed on June 14, 2006, has been mooted by the amended Answer filed by cross-claimants on June 16, 2006") (#220).

7

failure of the plaintiffs... to demand an answer to the amended complaints kept open the time for their response" (#223). The Current Owners cite absolutely no law for this argument. This argument suggests that attorneys have an affirmative duty to make sure that opposing counsel file pleadings on time. This argument is wholly unsupported and the Court rejects it.

The Current Owners also argue that they reasonably waited to make a response until after the mediation had finished (#223). However, Rule 15(a) does not permit responses to amended pleadings within a "reasonable time" under the circumstances of the case; it requires an answer within ten days or within the time ordered by the court. FED.R.CIV.P. 15(a). All parties to this case have at various times requested amendments to deadlines, extensions of time, or stays in the proceedings. The Current Owners could have easily requested a delay in filing a response to the United States' amended complaint at the October 12, 2005 hearing when the Court admitted the complaint and discovery was stayed (#163). They did not.

The Current Owners additionally argue that they were never served with a copy of the United States' amended complaint (#238). The United States responds that this is not a credible claim (#254), and the Court agrees. The United States points out that counsel for the Current Owners attended the hearing at which the Court granted the United States' motion for leave to amend and filed the amended complaint (#163). Further, as the United States notes, the Current Owners are participants in the electronic case filing system, and under Local Rule 5-4, "transmission of the Notice of Electronic Filing (NEF) constitutes service of the filed document upon each party in the case who is registered as an electronic filing user with the Clerk." *See* LR 5-3 and 5-4. The Currents Owners were properly served with the amended complaint.

The Current Owners filed their answer seven months late, without requesting or

receiving leave of court and without the stipulation of the other parties. The court concludes that the entire answer may be stricken on this ground alone.[3] *Fantasy, Inc. v. Fogerty*, 664 F.Supp. 1345, 1347 (N.D.Cal. 1987) (striking defendant's answer to plaintiff's amended complaint on the ground that it was filed six months after the deadline in violation of Rule 15(a)), *affirmed by* 984 F.2d 1524 (9th Cir. 1993), *reversed on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

### b. Violation of Scheduling Order and Failure to File a Motion for Leave to Amend

JCP&D argues that the Current Owners filed their new cross-claim nearly one year after the June 14, 2005 scheduling order deadline without requesting an amendment to the scheduling order, and additionally, without requesting leave to amend their pleading to add the new cross-claim pursuant to Rule 15 (#211). The United States argues the same regarding the counterclaim against it, although the United States contends that the analysis should be under Rule 16 (#215).

Although JCP&D and the Current Owners set out a Rule 15 analysis, as noted above, once a court has issued a Rule 16 scheduling order and the time for amending pleadings has expired, the correct analysis is under Rule 16(b).[4] *Coleman*, 232 F.3d at 1294; *Johnson*, 975 F.2d at 607-08; *see also S&W Enters.*, 315 F.3d at 535-36 & n.1 (agreeing with the First,

---

[3] The Current Owners argue that if the court excludes the Current Owners' answer for the reason that they have waived their right to answer by failing to file a responsive pleading within the proper time frame, the court must also strike the answers of other defendants (Blatt and SJDG) who also filed responsive pleadings in June 2006. The Current Owners point out that no defaults were noticed or taken after these two defendants failed to answer in October 2005. It is the responsibility of the party affected to bring a motion for relief. Here, that is the United States, and the Court declines to strike the answers of the other defendants *sua sponte*.

[4] The court notes that it reviewed the cases cited in JCP&D and the Current Owners' motions and concludes that they do not discuss the situation before this court, namely, that the scheduling order deadline had already passed when the Current Owners sought to assert new cross-claims and counterclaims.

9

Second, Eighth, Ninth and Eleventh Circuits that Rule 16(b) trumps Rule 15(a) when a motion to amend follows the deadline set forth in a scheduling order). While Rules 13 and 15 govern counterclaims, cross-claims and amended pleadings, the fact that there was a scheduling order in place dealing with time limits to amend pleadings takes precedence. *Johnson*, 975 F.2d at 607. In the Ninth Circuit, a motion for leave to amend the pleadings is not construed as a motion to amend the scheduling order, *Id.* at 609, and a court may deny as untimely a motion for leave to amend the pleadings filed after the scheduling order cut-off date where no request to modify the scheduling order has been made. *U.S. Dominator, Inc. V. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir, 1985) *superseded by rule on other grounds as stated in Simpson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir. 1996).

Here, since the scheduling order deadline to amend the pleadings and join new parties had passed, permission of the court to add new claims was certainly required under the federal rules. However, the Current owners filed neither a motion for leave to amend the pleadings nor a motion to amend the scheduling order. They simply filed new cross-claims and counterclaims without leave of court or the consent of the parties (#210). In their opposition to the United States' motion to strike, the Current Owners state that if the court finds that permission was required to add cross-claims and counterclaims, they now seek permission from the court to assert their claims (#238). Purely aside from the fact that the Current Owners failed to request this relief initially and even waited to request such relief until late in the briefing cycle, this request is not sufficient. An opposition to a motion to strike is neither a motion for leave to amend the pleadings nor a motion to amend the scheduling order. Further, even if the Current Owners had filed an actual motion for leave to amend the pleadings, Ninth Circuit law does not allow the Court to construe a motion for leave to amend

10

as a *de facto* motion to amend the scheduling order. *See Johnson*, 975 F.2d at 609. Thus, the court will not construe a one-sentence request in the Current Owners' opposition as a motion to amend the scheduling order.

Pursuant to Rule 16(b), the scheduling order "shall not be modified except upon a showing of good cause." FED.R.CIV.P. 16(b). Even if the Current Owners had brought a motion to amend the scheduling order prior to filing their new cross and counterclaims, they likely would not be able to show "good cause" under the Rule 16(b) analysis because the focus of the "good cause" analysis is on the diligence of the party seeking leave to amend. *Johnson*, 975 F.2d at 609. Here, the Current Owners had ample time and opportunity from the very beginning of this case to bring these claims. The Current Owners' could have moved to amend the scheduling order and/or amend their answer to add cross-claims and counterclaims throughout the mediation. The parties were all keenly aware of the negotiations. In fact, counsel for Current Owners concedes that as early as September 2005, *before* the United States filed its amended complaint, it was evident that the Current Owners were not being included in the mediation (#227, Decl. Of Michael J. Flynn, ¶¶ 5-8). Yet, the Current Owners did nothing – they waited almost a year before filing their amended complaint as settlement negotiations went in a direction they perceived as contrary to their interests.[5]

The Current Owners argue that the United States "has cited no case in which a party was required to seek an amendment of the scheduling order before responding to a pleading filed under that scheduling order" and that "the rules permit the Current Owners as defendants

---

[5] The Current Owners argue that the United States had a duty, as the plaintiff representing "aggrieved persons," to assure that the Current Owners' interests were addressed (#223). Although the Court will not delve into a substantive analysis of who is an "aggrieved person" under the FHA, no where in the FHA does it state that the United States is responsible for litigating the rights of commercial owners of buildings who are ably represented by counsel. As a commercial entity represented by counsel, the current owners must be aware that they represent their own interests in this litigation.

to plead to that amended complaint without seeking specific permission of the Court" (#238). The Current Owners argue that the Court should expect that they would answer in response to the United States' amended complaint and that they need not request leave of court to do so. This is correct – the Current Owners could have filed an answer in October 2005 without seeking the permission of the court that responded to the specific amendments included in the United States' amended complaint. However, the issue is not whether the Current Owners were permitted to respond to the United States' amended complaint at all, but whether the Current Owners could add new cross-claims and counterclaims in response to the amended complaint. As the United States correctly notes (and the Current Owners do not contest), the amended complaint merely added the individual Michael Blatt as a defendant and did not raise new allegations or claims against the Current Owners (#215). The Current Owners' answer did more than respond to the amended complaint – it contained new cross-claims and counterclaims representing new lawsuits against the other defendants and the plaintiff United States. The Current Owners seized upon the amended complaint in an attempt to formulate their own private right of action under the FHA because they are, admittedly, unhappy with the outcome of the mediation. This procedural maneuvering is improper at this late stage in the litigation.

Although the court is loathe to dispose of a case purely on procedural grounds, the Current Owners failed to follow the federal rules and sat on their rights. The court has already concluded above that the entire answer may be stricken for failure to comply with the time requirements in Rule 15(a). The Court alternatively concludes that both the cross-claims and the counterclaims are stricken based on the Current Owners' failure to request an amendment of the scheduling order and leave of court to add the new cross-claim and counterclaim.

The Current Owners request that the original answer and cross-claims they filed on January 14, 2005 be reinstated (#223, at 7, n. 4). The court grants this relief, and the prior answer and cross-claims are reinstated.

Because the matter has been resolved on procedural grounds, the Court will not address the parties' substantive arguments; therefore, plaintiff United States' motion to strike exhibits A and B to the declaration of Michael J. Flynn is moot (#229).

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that the Current Owners filed their answer over seven months late in violation of Rule 15(a), and that additionally, the deadline for amending the pleadings expired almost a year before the Current Owners added new cross-claims and counterclaims. The Current Owners should have motioned the court to amend the scheduling order and for leave to amend prior to filing their answer, cross-claim and counterclaim. As such, the court recommends that (1) cross-defendant JCP&D motion to strike untimely cross claims, or in the alternative, motion to dismiss (#206) be DENIED AS MOOT; (2) cross-defendant JCP&D's motion to strike untimely cross claims, or in the alternative, motion to dismiss (#211) be GRANTED; (3) plaintiff United States' motion to strike amended answers, and alternatively, motion to dismiss counterclaim (#215) be GRANTED; and (4) plaintiff United States' motion to strike exhibits A and B to the declaration of Michael J. Flynn (#229) be DENIED AS MOOT.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and

Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that:

(1) cross-defendant JCP&D motion to strike untimely cross claims, or in the alternative, motion to dismiss (#206) be **DENIED AS MOOT**;

(2) cross-defendant JCP&D's motion to strike untimely cross claims, or in the alternative, motion to dismiss (#211) be **GRANTED**;

(3) plaintiff United States' motion to strike amended answers, and alternatively, motion to dismiss counterclaim (#215) be **GRANTED**; and

(4) plaintiff United States' motion to strike exhibits A and B to the declaration of Michael J. Flynn (#229) be **DENIED AS MOOT**.

**DATED:** October 10, 2006.

_____
**UNITED STATES MAGISTRATE JUDGE**