UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 03:04-CV-0292-LRH (VPC) |
| ) | |
| vs. ) | |
| ) | ORDER |
| SHARLANDS TERRACE LLC, et al., ) | |
| ) | |
| Defendants. ) | |

Presently before this court is the Report and Recommendation of Magistrate Judge Valerie P. Cooke (#276[1]) recommending the court grant cross-defendant Jeff Codega Planning and Design, Inc.'s ("JCP&D") motion to strike untimely cross claims, or in the alternative, motion to dismiss (#211) and the United States' motion to strike amended answers, and alternatively, motion to dismiss counterclaim (#215). Magistrate Judge Cooke also recommends the court deny as moot JCP&D's initial motion to strike (#206) as well as the United States' motion to strike exhibits A and B to the declaration of Michael J. Flynn (#229). Defendants/cross-claimants Windgate Apartments LP, 1930 Wright Street LLC, 5311 College Oak Drive LLC, 3859 Annandale Lane LLC, Sharlands Terrace Apartments I, LLC and Sharlands Terrace Apartments II, LLC ("Current Owners") have filed a timely objection to the Magistrate Judge's recommendation (#279), to which JCP&D and the United States have each replied (##285 & 286).

The court has conducted its *de novo* review in this case and has fully considered the

---

[1] References to (#XX) refer to the court's docket.

Magistrate Judge's reasoning, the pleadings and memoranda of the parties and other relevant matters of record.  The court determines that the Magistrate Judge's Report and Recommendation should be adopted in part.  Further, this matter shall be recommitted to the Magistrate Judge with instructions to consider and rule upon a new issue raised in the objections.

The issues underlying this case arise from alleged violations of the Fair Housing Act, 42 U.S.C. § 3604[2].  The original lawsuit was filed on June 4, 2004, and a scheduling order was ultimately adopted which set June 14, 2005, as the deadline to amend the pleadings.  On April 15, 2005, the United States filed for leave to amend its complaint to add a new defendant.  A copy of the proposed amended complaint was attached to the motion, which was served on all parties. On October 12, 2005, a hearing was held on the United States' motion.  The Current Owners were present at that hearing.  The court entered an oral order at that time which granted leave to file the amended complaint and directed that the document be filed by the clerk's office at that time.

On October 25, 2005, JCP&D filed an answer to the United States' amended complaint.  Shortly thereafter the parties entered into private mediation in an attempt to settle the case.  The mediation lasted approximately six days over a span of six months and resulted in proposed settlement terms.  Then, on June 2, 2006, the Current Owners filed an answer to the United States' amended complaint.  The Current Owners also filed an amended answer on June 16, 2006.  The Current Owners did not seek leave to file their amended answer.  Further, the amended answer brought forth new arguments not previously presented as well as new counterclaims that had not previously been raised.

Upon motions to strike brought by JCP&D and the United States, Magistrate Judge Cooke recommended that the Current Owners' amended answer be stricken under both Federal Rule of Civil Procedure ("Rule") 15 and Rule 16(b).  The Current Owners have objected.  They claim that Magistrate Judge Cooke made a fundamental mistake of fact in finding that the

---

[2] As this case has been proceeding for several years, the court and the parties are well aware of the underlying facts.  Accordingly, the court's factual synopsis will attempt to raise only the facts relevant to the disposition of the current objections.

1  Current Owners had been served with the amended complaint based on electronic notification by
2  the court.  They also claim Magistrate Judge Cooke made a mistake of law in concluding that the
3  Current Owners' were served with the amended complaint because the Current Owners were
4  present at the hearing in which the amended complaint was filed.  These arguments focus on
5  whether the amended answer was timely filed under Rule 15.  The Current Owners make no
6  objections to any of the reasoning relevant to Rule 16(b), but rather argue it is inapplicable to this
7  situation.
8         JCP&D and the United States argue that service was satisfied in two ways.  First, it is
9  argued that the proposed amended complaint was served with the motion for leave to file an
10 amended complaint.  Accordingly, it is argued that service was effectuated at that time and that
11 the time to respond began running when the amended complaint was filed.  Second, it is argued
12 that the Current Owners had actual notice of the filing of the amended complaint and that this
13 actual knowledge is sufficient to satisfy the service requirements of Rule 5, thereby starting the
14 ten-day response period designated in Rule 15(a).
15        The court notes that whether actual notice can satisfy the requirements of Rule 5 appears
16 to be an issue of first impression in the Ninth Circuit.  The court also notes that the Magistrate
17 Judge appears to have considered the Current Owners' presence at the October 12, 2005, hearing
18 in determining that service occurred.  However, the Magistrate Judge only alludes to that fact in
19 one sentence of her report and recommendation (#276 at 8).  It also appears that the Magistrate
20 Judge was not presented with the argument that service was effectuated when the proposed
21 amended complaint was served with the original motion to amend.
22        Further, it appears that the Magistrate Judge did indeed rely on Local Rules 5-3 and 5-4 in
23 determining that service was proper.  These local rules relate to the electronic filing system
24 adopted by the Federal Courts.  However, it appears that no party pointed out to the Magistrate
25 Judge that the electronic filing system and its attendant local rules were not in effect at the time
26 service is alleged here.  Accordingly, reliance on service by electronic means would have been
27 improper.
28        Since it appears that many of the issues currently before the court in the form of

1  objections were not raised before the Magistrate Judge and because the court cannot separate a
2  potentially improper reliance on mistaken facts from the Magistrate Judge's reasoning, the court
3  will recommit this matter to the Magistrate Judge with instructions.
4       The Magistrate Judge is to clarify whether it is her belief that service was sufficient on the
5  facts of this case to satisfy the requirements of Rule 5.  The Magistrate Judge should focus on
6  both service based on actual notice and service based on the fact that the Current Owners were
7  served with a copy of the proposed amended complaint when the motion for leave to amend was
8  filed.  As it appears the parties have not fully briefed these issues to the Magistrate Judge in the
9  prior proceedings, the Magistrate Judge should feel free to require additional briefing if deemed
10 necessary.  The court does note that the Magistrate Judge may be faced with issues of first
11 impression in this circuit.  While this court would normally endeavor to determine those issues,
12 the facts - that the Magistrate Judge has ably handled the previous service disputes and that many
13 of the arguments raised relate to hearings before the Magistrate Judge or orders issued by her -
14 lead this court to believe that Magistrate Judge Cooke is in the best position to determine
15 whether service was in fact effectuated.
16      Finally, the court notes that no objections were raised to Magistrate Judge Cooke's
17 determination that under Rule 16(b) an amended answer which was filed late should be stricken
18 and that no grounds appear to exist to grant any requested leave to amend the Current Owners'
19 answer.  The court has reviewed Magistrate Judge Cooke's recommendations in this area and
20 concludes that no errors exist in her reasoning.  Accordingly, the court adopts and accepts
21 Magistrate Judge Cooke's recommendation that, should the Current Owners be found to have
22 failed to comply with Rule 15(a), no cause exists to allow an amended answer at this late date.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

It is therefore ORDERED that the Magistrate Judge's Report and Recommendation (#276) is adopted and accepted as it relates to the effects of Rule 16(b) on any late filed pleadings;

It is further ORDERED, as discussed above, that this matter be recommitted to the Magistrate Judge to determine whether service was properly effectuated pursuant to Rule 5.

DATED this 5th day of December, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE