1

2

3            **UNITED STATES DISTRICT COURT**

4               **DISTRICT OF NEVADA**

5

6   UNITED STATES,                          )
                                            )        3:04-CV-00292-LRH (VPC)
7               Plaintiff,                   )
                                            )
8        vs.                                )        **REPORT AND RECOMMENDATION**
                                            )        **OF U.S. MAGISTRATE JUDGE**
9   SHARLANDS TERRACE LLC, ET AL.,          )
                                            )
10              Defendants.                  )        March 8, 2007
                                            )
11   _____)

12          This Report and Recommendation is made to the Honorable Larry R. Hicks, United States

13   District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28

14   U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is the District Court's December 5, 2006
15
     order recommitting the case to this court to determine the limited issue of whether service of the
16
17   United States' first amended complaint was properly effectuated pursuant to Rule 5 (#292).  On

18   January 22, 2007, this court ordered supplemental briefing (#301).  On February 7, 2007, the

19   following parties filed supplemental briefs: plaintiffs Silver State Fair Housing Council, Inc. and

20   Paul Babiak (#306/307); plaintiff United States (#309); defendant Jeff Codega Planning & Design
21
     (#308); defendants Sharlands Terrace, LLC, Blatt Development of Nevada, and Michael Blatt
22
23   (#310); and defendants Windgate Apartments LP, 1930 Wright Street LLC, 5311 College Oak

24   Drive LLC, 3859 Annandale Lane LLC, Sharlands Terrace Apartments I, LLC, and Sharlands

25   Terrace Apartments II, LLC (#311).  The court has thoroughly reviewed the record and the

26   parties' objections and concludes that service was properly effectuated pursuant to Rule 5 of the
27
     Federal Rules of Civil Procedure.
28
     ///

1

## I.  HISTORY & PROCEDURAL BACKGROUND

2      This action arises from alleged violations of the Fair Housing Act ("FHA"), 42 U.S.C. §

3    3604.  The United States' first amended complaint alleges that defendants discriminated against

4    a handicapped individual with regard to the availability of rental units and the terms and

5    conditions of those units, and also by failing to design and construct a dwelling in compliance

6    with the accessibility and adaptability features mandated by the FHA (#164).  Plaintiffs also

7    allege that the violations committed by the defendants constitute a pattern or practice of resistence

8
9    to – as well as denial of – the full enjoyment of rights granted to handicapped persons by the

10   FHA, which constitutes violations of 42 U.S.C. §§ 3601-3619.  *Id.*

11      Plaintiffs in this action are Paul Babiak ("Babiak"), the Silver State Fair Housing Counsel,

12   Inc. ("Silver State"), and the United States.  *Id.*  Defendants include: Sharlands Terrace LLC, the

13   original owner, developer, and manager of the Sharlands Terrace Apartments ("Apartments")

14   who, according to the allegations, was responsible for the design and construction of the

15   Apartments; Jeff Codega Planing and Design, Inc. ("JCP&D"), the civil engineering firm

16   responsible for the design and construction of the Apartments; James Tibbens DBA San Joaquin

17
18   Design Group ("SJDG"), the architect responsible for designing the Apartments; Blatt

19   Development of Nevada, Inc. and Michael T. Blatt ("Blatt"), the builder in the construction of

20   the Apartments; and Windgate Apartments LP, 1930 Wright Street LLC, 5311 College Oak Drive

21   LLC, 3859 Annandale Lane LLC, Sharlands Terrace Apartments I, LLC, and Sharlands Terrace

22   Apartments II, LLC ("Current Owners"), who purchased the Apartments from Sharlands Terrace

23
24   LLC.  *Id.*

25      The United States filed its original complaint on June 4, 2004 (#2).  On April 15, 2005,

26   the Current Owners filed a motion for extension of time, requesting that the court's scheduling

27

28

2

1   order be revised to extend the date to amend the pleadings and add parties (#82).  Plaintiffs filed

2   notices of non-opposition to the Current Owners' motion for extension of time (#95, #97).  On

3   June 29, 2005, the court granted the Current Owners' motion for extension of time; therefore, the

4   deadline to amend the pleadings under the Court's scheduling order was extended to June 14,

5   2005 (#106).

6

7          Also on April 15, 2005, the United States filed a motion for leave to amend its complaint

8   to add Michael T. Blatt as a defendant (#78, #79).  The United States attached a copy of the

9   proposed amended complaint to its motion and served both on all parties.  *Id*.  The motion was

10  unopposed.  In a hearing on October 12, 2005, the court entered an oral order granting leave to

11  file the United States' first amended complaint (#163), and the complaint was docketed (#164).

12  The Current Owners were present at that hearing.

13

14         On October 25, 2005, defendant JCP&D answered plaintiff United States' first amended

15  complaint (#167).  Over six mediations held between September 2005 and June 2006, the parties

16  attempted to settle the case through private mediation.  The mediation resulted in proposed

17  settlement terms.

18

19         On June 2, 2006, the Current Owners filed an answer to plaintiff United States' first

20  amended complaint, which included a new cross-claim for violation of the FHA against

21  defendants JCP&D, Blatt and SJDG, as well as a previous cross-claim for professional

22  malpractice against JCP&D and SJDG (#202).[1]  On June 16, 2006, the Current Owners filed an

23  amended answer that, in addition to the cross-claims, included a counterclaim against plaintiff

24  United States for a declaratory judgment that its attempt to enforce a consent decree between

25  plaintiffs and defendants JCP&D, Blatt and SJDG on the Current Owners would constitute an

26

27  _____

[1] The Current Owners note that they had previously filed a professional negligence cross-claim
28  against JCP&D and SJDG that preceded their answer on June 2, 2006 (#223).

3

inverse condemnation and an unconstitutional taking under the Fifth Amendment (#210). JCP&D filed a motion to strike untimely cross-claims, or in the alternative, motion to dismiss (#211), in which Blatt and SJDG joined (#213 and #218, respectively).  The United States filed a motion to strike amended answers and alternatively, motion to dismiss counterclaim (#215), in which Silver State joined (#221).

On October 10, 2006, this court issued a report and recommendation granting JCP&D and the United States' motions (#276).  This court concluded that: (1) the Current Owners were properly served with plaintiff United States' amended complaint because they were present at the October 12, 2005 hearing in which the complaint was filed and they participated in the court's electronic filing system; (2) the Current Owners filed their answer to the plaintiff's complaint seven months after the deadline to file a responsive pleading had expired, without requesting or receiving leave of court and without the stipulation of other parties in violation of Rule 15(a); (3) the Current Owners filed cross-claims against defendants and counterclaims against plaintiff United States, after the deadline to add parties in the court's scheduling order expired and without filing a motion for leave to amend the pleadings or a motion to amend the scheduling order, in violation of Rule 16(b); and (4) even if the Current Owners had filed a motion to amend the scheduling order in relation to filing new cross-claims and counterclaims, they likely could not show "good cause" under Rule 16(b), because the "good cause" analysis focuses on the diligence of the party, and the Current Owners sat on their rights.  *Id*.  The court reinstated the Current Owners' original answer and cross-claims filed on January 14, 2005.  *Id*.

Current Owners filed a timely objection to the report and recommendation (#279). JCP&D and the United States each filed oppositions to the Current Owners' objection (#285 and #286, respectively).

On December 5, 2006, the District Court adopted this court's report and recommendation in part (#292). The District Court found that there were factual and legal questions regarding whether the Current Owners had been properly served with a copy of the United States' first amended complaint and therefore, whether the Current Owners had, in fact, failed to comply with Rule 15(a). *Id*. Noting that the parties had not raised many of the service issues before this court, the District Court referred the issue to this court to determine solely whether the Current Owners were properly served with a copy of the United States' first amended complaint pursuant to Rule 5. *Id*. The District Court instructed this court to clarify whether service was sufficient to meet Rule 5 on the facts of the case, focusing both on service based on actual notice and on the fact that the Current Owners were served with a copy of the proposed amended complaint on April 15, 2005 in conjunction with its motion for leave to amend the complaint. *Id*. Finally, in adopting this court's report and recommendation in part, the District Court found that the Current Owners did not object to this court's Rule 16(b) determination, and that no errors existed in this court's the Rule 16(b) analysis. *Id*. The District Court concluded that should this court find on remand that the Current Owners failed to comply with Rule 15(a), "no cause exists to allow an amended answer at this late date." *Id*.

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Federal Rule of Civil Procedure 15

Rule 15 of the Federal Rules of Civil Procedure states, in relevant part:

> A party shall plead in response to an amended pleading within the time remaining for response to the original pleading, or within 10 days after service of the amended pleading, whichever time period may be the longer, unless the court otherwise orders.

FED.R.CIV.P. 15(a).

## 2. Federal Rule of Civil Procedure 5

Rule 5 requires that "every pleading subsequent to the original complaint unless the court

otherwise orders because of numerous defendants... shall be served upon each of the parties."

FED.R.CIV.P. 5(a).   Service on parties represented by counsel shall be made on the party's

attorney.  FED.R.CIV.P. 5(b)(1).  Service under Rule 5 is made by:

> (A) Delivering a copy to the person served by:
>
>> (i) handing it to the person;
>>
>> (ii) leaving it at the person's office with a clerk or other person in charge, or if no one is in charge leaving it in a conspicuous place in the office; or
>>
>> (iii) if the person has no office or the office is closed, leaving it at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.
>
> (B) Mailing a copy to the last know address of the person served. Service by mail is complete on mailing.
>
> (C) If the person served has no known address, leaving a copy with the clerk of court.
>
> (D) Delivering a copy by any other means, including electronic means, consented to in writing by the person served.  Service by electronic means is complete on transmission; service by other consented means is complete when the person making service delivers the copy to the agency designated to make delivery.  If authorized by local rule, a party may make service under this subparagraph (D) through the court's transmission facilities.

FED.R.CIV.P. 5(b)(2).  "All papers after the complaint required to be served upon a party, together

with a certificate of service, must be filed with the court within a reasonable amount of time after

service."  FED.R.CIV.P. 5(d).

## 3. Local Rule of Practice 15-1

United States District Court for the District of Nevada Local Rule 15-1 sets out the local

6

1    rule for filing amended pleadings.  The version of Rule 15-1 effective in 2005 states in relevant

2    part:

3              (a) The original proposed amended pleading shall be signed and
               attached to any motion to amend a pleading...
4

5              (b) ... The time under Fed. R. Civ. P. 15(a) for an entity already a
               party to answer or reply to an amended pleading shall run from the
6              date of service of the order allowing said pleading to be
               amended...
7

8    L.R. 15-1 (Rev. 12/1/2000).

9         **B.     Analysis**

10        The District Court instructed this court to address the limited issue of whether service of

11   the United States' first amended complaint was sufficient to meet the requirements of Rule 5 on
12
     the facts of the case (#292).  The District Court directed this court to focus on service based on
13
14   actual notice and on the fact that the Current Owners were served with a copy of the proposed

15   amended complaint when the United States' April 15, 2005 motion for leave to amend was filed.

16   *Id.*[2]

17
                   **1. Service of the United States' Proposed Amended Complaint**
18
19        The first issue is whether service of the United States' proposed amended complaint on

20   April 15, 2005 with its motion for leave to amend is sufficient to meet the requirements of Rule

21   5.  The court concludes that, under the facts of this case, it is.

22

23   _____

24        [2] The Current Owners argued before the District Court that this court was mistaken in concluding
     that the Current Owners were served with a copy of the United States' amended complaint through the
25   court's electronic filing system because the filing system did not go into place until January 1, 2006 (#279).
     In concluding in its report and recommendation that the United States had served the Current Owners via the
26   electronic filing system, this court relied on the United States' contention that it had so served the Current
     Owners.  *See* # 215, p.8 ("On October 12, 2005, the United States served its First Amended Complaint on
27   the Current Owners by electronic and regular mail"); *see also* #254, p. 4.  The Current Owners responded
     by arguing only that they did not have a copy of the served first amended complaint in their file (#238, p.3).
28   The electronic filing system was not active in October 2005, but the parties did not address this fact (#292).

                                        7

1    JCP&D and the United States point out that the United States served the Current Owners

2   with a signed copy of its proposed first amended complaint on April 15, 2005 when the United

3   States filed its motion for leave to amend (#s 285, 286, 308 and 309).  The parties argue that

4   nothing in Rules 5 or 15 requires a party, after the court grants a motion for leave to amend a

5   complaint, to serve an amended pleading a second time when the moving party has already served

6   a copy of the proposed amended complaint.  *Id*.

7

8        Both parties cite *Williams v. Clinch County, Ga.*, 231 F.R.D. 700 (M.D. Ga. 2005), in

9   which the plaintiff had served on defendants a copy of its proposed amended complaint along

10  with its motion for leave to amend.  *See* #309, pp. 4-5 and #308, p. 2 (*citing Williams v. Clinch

11  County, Ga.*, 231 F.R.D. 700 (M.D. Ga. 2005)).  At issue in *Williams* was, after the court had

12  granted the plaintiff's motion for leave to amend and accepted the amended complaint for filing,

13  when the ten-day time period to file an amended answer pursuant to Rule 15(a) began to run.

14  *Williams*, 231 F.R.D. at 701.  Stating that "service and filing with the court do not have to be

15  mutually exclusive," the court held that when the time begins to run depends on when the court

16  accepts the amended complaint for filing.  *Id*. at 701-702.  The court stated:

17

18          [T]he proposed amended complaint had yet to be accepted by the
            Court when it was served; thus the trigger starting Rule 15(a)'s
19          ten-day period is [the] date on which the Court accepts the
            amended complaint as the operative complaint.  The trigger date
20          in this case is May 19, 2005, the date this Order was entered on the
            docket.
21

22  *Id*. at 702.  In so finding, the court concluded that service of the proposed amended complaint was

23  sufficient.  *Id*.  The United States contends that the court in *Williams* did not read into the rules

24  a requirement that a proposed amended complaint be served a second time after it is filed by the

25  court (#309, p. 5).  The United States acknowledges that although a court may order a plaintiff

26  to serve a copy of the amended complaint on defendants after it orders the amended complaint

27

28

8

1   filed, there was no such order in this case. *Id.*, p. 5 (*citing Blackwelder v. Safnauer*, 689 F. Supp.

2   106, 114 n.3 (N.D.N.Y. 1988)). Both parties note that this court ordered that defendants answer

3   "in normal course," and assert that pursuant to *Williams*, this means within ten days after the court

4   ordered the amended complaint filed. *Id.*, p. 6; *see also* #308, p. 3.[3]

5
6   With reference to the issue of service of the proposed amended complaint, the Current

7   Owners argue in their supplemental brief only that it is "undisputed" that the amended complaint

8   was not served pursuant to the requirements of Rules 5 and 15 (#311). Notably, in all of their

9   filings with this court, the Current Owners have failed to directly address or cite to any cases with

10  regard to the first issue – whether service of the proposed amended complaint on April 15, 2005

11  constitutes proper service under Rule 5 (#s 223, 238, 279, and 311).[4] This is contrary to the

12

13  _____

14  [3] Plaintiffs Silver State and Babiak make similar arguments and additionally argue that this court is
the only forum in which Silver State and Babiak may receive relief, unlike the Current Owners, who can "file
15  their claims in another forum" (#307). Sharlands Terrace, LLC, Blatt Development of Nevada and Michael
Blatt ("Blatt defendants") argue that pursuant to the District Court's August 22, 2005 order (#137), the Blatt
16  defendants were specifically submitted to arbitration (#310). Since the arbitration has been ongoing for
almost a year, even if the court were to find that the Current Owners were not served with a copy of the
17  amended complaint, the Current Owners' cross-claims against the Blatt defendants would be subject to a
motion to strike based on the order of arbitration under the law of the case doctrine. *Id.*
18

19  [4] This court conducted a review of all of the Current Owners' past motions to determine whether the
Current Owners addressed the April 2005 proposed amended complaint service issue. In their opposition
20  to JCP&D's motion to strike, the Current Owners actually stated, "In October of 2005, some four month after
the deadline to amend the pleading, plaintiffs had been granted leave to amend their complaints. They did
21  so, *filing and serving First Amended Complaints on October 13, 2005*" (#238, p. 4) (emphasis added). The
Current Owners do not mention the April 2005 service issue.
22      In their July 19, 2006 opposition to the United States' motion to strike, the Current Owners asserted
for the first time that they do not have a served copy of the United States' amended filed complaint in their
23  file (#238, p. 3). However, this appears to be in reference to the October 2005 actual notice service issue,
not the April 2005 proposed amended complaint service issue. *Id.*
24      In their objection to this court's report and recommendation, the Current Owners' arguments focus
on the October 12, 2005 hearing, *see* #279, pp. 2-3 and 6-7, and fail to specifically address the United States'
25  service of the proposed amended complaint in April 2005. *Id.*
    Finally, in their supplemental brief, the Current Owners merely argue that it is "undisputed" that the
26  amended complaint was "not served in accordance with Rule 5 and Rule 15 of the Federal Rules of Civil
Procedure," and proceed to discuss Local Rule 15-1 and the rules of default (#311). Although they indirectly
27  allude to it by arguing they were not served, Current Owners do not directly address *why* service of the
proposed amended complaint in April 2005 was not sufficient.
28

1   District Court's direction (#292) and this court's order for supplemental briefing (#311).

2   A review of the court's docket reveals that the United States filed a certificate of service

3   stating that it served the Current Owners with a copy of its motion for leave to amend its

4   complaint, a memorandum in support, a proposed order, and its first amended complaint by

5   regular mail on April 14, 2005 (#78, pp. 3-5). The Current Owners do not deny that they received

6   a copy of the proposed first amended complaint.

7   Rule 5 is silent regarding whether a party must serve an amended complaint after it is

8   accepted for filing where the party has already served a copy of the proposed amended complaint.

9   The United States and JCP&D's cited case, *Williams*, is from the Middle District of Georgia and

10  is, therefore, not controlling authority. The Current Owners fail to cite any cases at all addressing

11  this issue. The court's own research failed to turn up case law that contradicts the holding in

12  *Williams* or a Ninth Circuit case that addresses this issue on point.

13  In granting the United States' motion to amend the complaint, this court ordered that

14  "defendants shall answer in normal course" (#301). The United States and JCP&D assert that "in

15  normal course" means ten days after the court ordered the amended complaint filed (#309, p. 6;

16  #308, p. 3). The Current Owners argue that "in normal course" means the parties must proceed

17  according to the rules, which can only mean they were required to answer *after* they were served

18  with a copy of the amended complaint by one of the methods outlined in Rule 5(b) (#279). The

19  Current Owners argue that because the *filed* first amended complaint was never served pursuant

20  to the provisions of Rule 5, the ten-day time period in which to file a responsive pleading under

21  Rule 15(a) was never triggered. *Id*.

22  It is evident that the court should have been more clear in its instruction to the defendants

23  to answer "in normal course." To clarify, in stating "defendants shall answer in normal course,"

10

the court intended, and indeed assumed, considering all parties are ably represented by counsel,

that the parties would consult the local and federal rules and answer according to the time

requirements therein.[5]   Rule 15(a) provides that the ten-day time period to file a responsive

pleading does not begin until the amended pleading has been served.  FED.R.CIV.P. 15(a).  Local

Rule 15-1, as it existed in 2005, provided that the time for an entity already a party to answer an

amended pleading "shall run from the date of service of the order allowing such pleading to be

amended."  L.R. 15-1(b) (Rev. 12/1/2000).  Implicit in this rule is that the amended pleading is

already served when the time begins to run.  There was no requirement in the local rule that the

amended complaint be re-served.  Moreover, the first sentence of Local Rule 15-1 required that

"[t]he original proposed amended pleading shall be signed and attached to any motion to amend

a pleading."  L.R. 15-1(a) (Rev. 12/1/2000).  In other words, pursuant to Local Rule 15-1 as it

existed at the time, in order for the ten-day time period to begin, it was assumed that service was

previously effectuated; the only way this would have happened pursuant to the local rule is

through attaching the proposed amended pleading to the motion to amend and serving it on the

parties pursuant to Rule 5(b).  This is exactly what the United States did in this case (#78, #79).

The Current Owners argue that the Local Rule 15-1(b) time trigger is invalid because it

conflicts with Rule 15(a), in that the local rule requires the ten-day period to begin upon "service

of the order" allowing the amended pleading, but Rule 15(a) requires the ten-day time frame to

begin on "service of the amended pleading" itself (#311, p. 3).  The court finds that there is no

conflict here; as stated above, Local Rule 15-1 implicitly requires that service be completed

before the court grants the motion to amend.  Under this interpretation, the service requirements

of Rule 15(a) are met through service of the "original proposed amended pleading."  Since the

---

[5] The court also assumes that parties will file a motion for clarification should the court's instructions be confusing or unclear.

1   court finds no conflict between the rules, the court rejects the contention that Local Rule 15-1 is

2   invalid.

3       The Current Owners additionally contend that because "permission to file the amended

4   complaint here was granted in open court and reflected in the minutes of the court," there was no

5

6   "written" order served, and therefore, the ten-day time period was never triggered (#311).  This

7   is simply incorrect.  The court's oral October 12, 2005 order granting the United States' motion

8   to amend is memorialized and reflected in the *written* minutes of the court.  *See* #163 ("IT IS

9   ORDERED that the plaintiff's motion for leave to amend to file first amended complaint (#81)

10  is GRANTED.  The clerk is directed to detach the proposed amended complaint from this motion

11
    and file it as of today's date.  The defendants shall answer in normal course.").  Minutes of the
12

13  court are written orders and are served on all parties to a case.  Therefore, the ten-day time period

14  was triggered when the court served the Current Owners with this minute order.

15      The court concludes that the United States properly served the Current Owners when it

16  served a copy of the proposed amended complaint with its motion to amend on April 15, 2005.

17
    This was sufficient to meet the requirements of Rules 5 and 15.  Pursuant to Local Rule 15-1, the
18

19  ten-day time period to file a responsive pleading was triggered upon service of the court's minute

20  order of October 12, 2005.

21          **2. Actual Notice**

22      Although the court has concluded the United States served its amended complaint on the

23
    Current Owners, the court addresses the actual notice issue at the direction of the District Court.
24

25  The issue is whether actual notice of an amended pleading is sufficient to meet the requirements

26  of Rule 5.  The court concludes that while actual notice alone is not enough to meet the

27  requirements of Rule 5(b), the United States has a compelling reason for not serving the Current

28

1   Owners with a second copy of its amended complaint.

2       The Ninth Circuit has held that actual notice alone does not constitute valid service

3   pursuant to Rule 5(b) and is, therefore, not an exception to the service rule. *Magnuson v. Video*

4   *Yesteryear*, 85 F.3d 1424, 1431 (9th Cir. 1996).   However, if a party advances "some other

5

6   compelling circumstance" in addition to actual notice, the failure to comply with Rule 5(b) is

7   excused. *Id*.

8       The United States argues that the Current Owners had "actual notice" of its amended

9   complaint because they were served with the proposed amended complaint in April 2005 and

10
    were present at the hearing in which this court ordered the amended complaint filed (#309, p. 7).
11
    The United States contends that "exceptional good cause" for not serving a second copy of the
12
13  amended complaint after the court ordered it filed exists because the Current Owners proceeded

14  thereafter as if they had been served. *Id*.  The United States points out that the Current Owners

15  filed a status report with the court in April 2006, which stated that the Current Owners intended

16  to proceed with discovery and depositions in relation to Michael Blatt, who had been added as

17
    a defendant in the United States' amended complaint. *Id*., p. 7.  The United States contends that
18
19  the Current Owners did not argue in their status report or in any other filings that they had not

20  been served with a copy of the United States' amended complaint. *Id*.  The Current Owners only

21  made this argument after the parties filed motions to strike the Current Owners' answer. *Id*.  As

22  such, the Current Owners should be estopped from arguing that they were not served. *Id*.

23
        JCP&D argues that an additional compelling circumstance is that the Current Owners are
24
25  trying to "derail" the months of settlement negotiations the parties conducted, which is prejudicial

26  to all parties (#308, p. 4).  Prejudice exists because if these proceedings are allowed to drag on,

27  the defendants will have to re-negotiate the repairs with the Current Owners' expert, the plaintiffs

28

1   will not receive the monetary settlement the defendants have agreed to pay, and the Sharlands

2   Terrace Apartments will remain non-compliant with the FHA during this time. *Id*. JCP&D argue

3   that this case began as an FHA case, and now the Current Owners are attempting to bring other

4   claims two years after the case began, with the intent of recovering attorneys fees. *Id*.

5

6          The Current Owners did not address *Magnuson* or the "exceptional good cause" argument

7   in their supplemental brief (#311). In previous filings, the Current Owners argued that: the

8   United States filed no proof of service after its amended complaint was accepted for filing (#238,

9   p. 3); failure to file such proof is fatal to the United States' claim that the Current Owners were

10  served (#279, p. 2); Rule 5(b) does not provide that being "in the room" when the court orders

11
    the amended complaint filed constitutes service, *id*.; service had to be effectuated by some
12
    method specified in Rule 5(b), *id*.; and that it is undisputed that the United States did not serve
13
14  its filed amended complaint pursuant to Rules 5 and 15 (#311, p. 2).

15         The court agrees that it is undisputed that the United States did not serve the Current

16  Owners with a copy of its *filed* amended complaint. The Current Owners were present at the

17
    October 12, 2005 hearing in which this court ordered the clerk to file that the United States' first
18
    amended complaint, *see* #163; therefore, Current Owners had actual notice of the amended
19
20  complaint. Pursuant to *Magnuson*, there must also be a compelling reason or exceptional good

21  cause for not serving the filed complaint. *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1431

22  (9th Cir. 1996).

23
           The court concludes that good cause exists for failure to serve the filed amended
24
    complaint. First, the court's order granting leave to amend and file the complaint required the
25
26  defendants to answer "in normal course," which meant the parties should consult the federal and

27  local rules. Local Rule 15-1 as it existed at the time directed the Current Owners to file a

28

1   responsive pleading within ten days of the court's order.  Clearly, Local Rule 15-1 set out the time

2   frame in which to respond.  The parties were permitted, and in fact, were required, to rely on

3   Local Rule 15-1.  Second, it is true that all parties, including the Current Owners, proceeded as

4   if the amended complaint had been served.  In addition to implicitly acknowledging the amended

5   complaint in their April 2006 status report, *see* #193, the Current Owners actually stated in their

6   response to JCP&D's motion to strike that they were served with the amended complaint in

7   October 2005.  *See* #223 ("In October of 2005... plaintiffs had been granted leave to amend their

8   complaints.  They did so, filing and serving First Amended Complaints on October 13, 2005").

9   This indicates that the parties assumed the amended complaint had been served and had

10   proceeded in the case in reliance on that assumption.  For all these reasons, the court concludes

11   there was good cause for not re-serving the complaint.

12

13

14   **3. Other Arguments**

15   The Current Owners additionally argue that there is no provision in the Federal Rules to

16   "strike" an untimely responsive pleading (#311, pp. 3-4).  They contend that the only remedy

17   available to the plaintiffs and the co-defendants was to pursue a default judgment under Rule 55,

18   which they did not do, and argue: nothing in the Federal Rules of Civil Procedure authorizes the

19   court to impose sanctions on Current Owners, "whether the answer is filed on the 11th day or the

20   111th day;" striking the Current Owners' answer is akin to a *sua sponte* default judgment; as long

21   as the plaintiffs and co-defendants do not pursue a default judgment, "they effectively grant an

22   extension of time to answer"; and the scheduling order set no time for answering amended

23   pleadings.[6]  *Id*.

24

25   _____

26   [6] The Current Owners also argue that because this court essentially ordered a default judgment

27   against them, "court-ordered" defaults should also be entered against the Blatt defendants and Tibbens,
    neither of whom have answered the amended complaints to this date (#311).  The court notes that the other

28   parties' failure to file responsive pleadings is not at issue here.

1        The court finds that the Current Owners have waived this argument.  Whether the court

2   has the authority to strike a responsive pleading is not before the court at this time.  The issues

3   before the court are limited to the those set out by the District Court in its December 5, 2006 order

4   (#292).  This argument should have been made in the Current Owners' opposition to the parties'

5   motions to strike, or, at a minimum, should have been included in the Current Owners' objections

6

7   this court's October 10, 2006 report and recommendation.  Therefore, the court will not consider

8   the default argument.

9   ### III.  CONCLUSION

10       Based on the foregoing, the court concludes that the United States' service of its proposed

11  amended complaint on April 15, 2005 constituted proper service pursuant to the Federal and

12  Local Rules of Procedure.  The court additionally concludes that the Current Owners had actual

13  notice of the amended complaint and the United States had a compelling reason for not serving

14

15  the Current Owners for a second time, namely, this court's order that the defendants answer "in

16  normal course," Local Rule 15-1, and the fact that all parties proceeded in the litigation as if the

17  United States had properly served them.

18       The parties are advised:

19       1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,

20  the parties may file specific written objections to this report and recommendation within ten days

21  of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and

22  Recommendation" and should be accompanied by points and authorities for consideration by the

23  District Court.

24

25       2.   This report and recommendation is not an appealable order and any notice of appeal

26  pursuant to FED. R. APP. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

27

28

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** and concluded that service was properly

effectuated pursuant to Rule 5 of the Federal Rules of Civil Procedure.

**DATED:** March 8, 2007.

_____

**UNITED STATES MAGISTRATE JUDGE**