UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:04-cv-00292-LRH (VPC) |
| ) | |
| vs. ) | -consolidated with- |
| ) | |
| SHARLANDS TERRACE LLC, et al., ) | 3:04-cv-00397-ECR (VPC) |
| ) | |
| Defendants. ) | ORDER |
| ) | |

Presently before this court is a joint motion for entry of consent decree (#273[1]) filed by Plaintiffs[2] and Defendants.[3] The Current Owners[4] have filed an opposition (#277) to the entry of the consent decree, to which Plaintiffs and Defendants have replied (##280 & 284). Also before the court are motions to strike new evidence submitted by Plaintiffs and Defendants in their reply briefs to the pending motion for entry of consent decree (##290 & 291). Plaintiffs and Defendants have filed responses to the motions (##293 & 294) to which the Current Owners

---

[1] References to (#XX) refer to the court's docket.

[2] The Plaintiffs in this matter are the Untied States, Silver State Fair Housing Council, Inc., and Paul Babiak.

[3] The Defendants in this matter are Sharlands Terrace LLC, Jeff Codega Planning and Design, Inc., James Tibbens (d.b.a. San Joaquin Design Group), Blatt Development of Nevada, Inc., and Michael T. Blatt.

[4] The Current Owners are Windgate Apartments, LP, 1930 Wright Street, LLC, 5311 College Oak Drive, LLC, 3859 Annadale Lane, LLC, Sharlands Terrace Apartments I, LLC, and Sharlands Terrace Apartments II, LLC.

have filed a joint reply (#296).  Finally, the court is aware of a motion by Plaintiffs to seal Exhibit B to docket number 280 and Exhibit A to docket number 286 (#288).

The issues underlying this case arise from alleged violations of the Fair Housing Act, 42 U.S.C. § 3604.[5]  The Untied States originally brought suit against Defendants and the Current Owners.  A separate matter was brought by the remaining Plaintiffs against Defendants and the Current Owners which was ultimately consolidated with the United States' action.  The Current Owners then brought cross-claims and third party claims against Defendants and other parties who were ultimately dismissed.  After multiple motions and proceedings, several claims were dismissed or sent to arbitration.  As a result, only the cross-claims remained, all of which were state law causes of action against Defendants.

After mediation, Plaintiffs and Defendants entered into an agreement which would resolve the Fair Housing Act issues as between those parties.  Plaintiffs and Defendants then moved for entry of their consent decree.  The Current Owners objected, claiming that their concerns were not addressed within the consent decree and that the decree could not be entered without their consent.

The Supreme Court has noted that a consent decree is primarily used by parties to settle their disputes without having to absorb the costs of litigation.  Importantly, "[i]t has never been supposed that one party - whether an original party, a party that was joined later, or an intervenor - could preclude other parties from settling their own disputes and thereby withdrawing from litigation" through the use of such a decree. *Local No. 93, Int' Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland (Local 93)*, 478 U.S. 501, 528-29 (1986).  "Of course, parties who choose to resolve litigation through settlement may not dispose of the claims of a third party, and *a fortiori* may not impose duties or obligations on a third party, without that party's agreement." *Id.* at 529.  The question that must be determined by the court, therefore, is whether the agreement between Plaintiffs and Defendants in this instance either disposes of the Current

---

[5] As this case has been proceeding for several years, the court and the parties are well aware of the underlying facts.  Accordingly, the court's factual synopsis will attempt to raise only the facts relevant to the disposition of the current motions.

1 | Owners' potential claims or imposes duties or obligations upon the Current Owners.

2 |     In *Local 93*, the Supreme Court found the proposed consent decree placed no burden upon the intervening and objecting third party.  The Supreme Court wrote that "the consent decree entered here does not bind Local 93 to do or not to do anything.  It imposes no legal duties or obligations on the Union at all; only the parties to the decree can be held in contempt of court for failure to comply with its terms."  *Id.* at 529-30.  Also relevant was the fact that the consent decree did not resolve any Constitutional or contractual claims the intervenors might have had against the parties.  *Id.* at 530.

    A thorough review of the proposed consent decree demonstrates many problems which would preclude the court for accepting the decree at this time.  The court first notes that the decree does not purport to settle any claims that may exist between the Current Owners and either Plaintiffs or Defendants.  Thus, the focus of the courts inquiry is solely upon whether the consent decree improperly imposes legal duties or obligations upon the Current Owners.  The court concludes that the proposed consent decree does improperly obligate the Current Owners to act.

    From the onset of litigation, it has been known and accepted that the Current Owners are indispensable parties to the lawsuit.  As the owners and possessors of the property in question, the Current Owners could be required to allow repairs to the property should violations of the Fair Housing Act be proven.  The Current Owners, however, have no obligation, without a finding that the Fair Housing Act has been violated, to allow construction crews onto their property.  The proposed consent decree mandates that the Current Owners allow construction crews of the Plaintiffs' and Defendants' choosing onto the property in order to retrofit the property in compliance with the Fair Housing Act.

    Further, the Current Owners have the right to determine the terms and conditions of their rental agreements, subject to existing laws.  The proposed consent decree mandates that the Current Owners include clauses in new rental contracts which will allow construction crews to retrofit occupied apartments should a certain amount of time have passed.  The proposed consent decree also mandates that vacated units be retrofitted.  The Current Owners are required to notify

1  Defendants within five days of the unit being vacated and must allow Defendants thirty days to
2  complete any retrofits.
3       Also, the proposed consent decree provides for a dispute resolution process should
4  problems arise between Defendants and the Current Owners.  Specifically, disputes must be
5  brought to the attention of Plaintiffs and an attempt is to be made for Defendants and the Current
6  Owners to resolve the dispute amicably.  Should the dispute linger, the parties are required to
7  refer the dispute to a Neutral Inspector.  The Neutral Inspector's decision could ultimately be
8  appealed to a Magistrate Judge for a permanent resolution.  Other provisions relating to the
9  Neutral Inspector also require the Current Owners' participation and may ultimately result in a
10 Magistrate Judge's decision which would apparently be binding upon the Current Owners.
11      Given these provisions, the court cannot say that the proposed consent decree places no
12 obligations or duties upon the Current Owners.  Rather, the Current Owners are bound to act in
13 accordance with the agreement between Plaintiffs and Defendants whether or not the Current
14 owners accept the modifications made upon their property.  Further, should the current owners
15 refuse to allow retrofitting to occur it would seem that they could be brought before the court to
16 face contempt charges to an agreement they never accepted.  Such a result would be an anathema
17 to the fundamental notion of due process that a consent decree cannot prejudice the rights of a
18 third party who fails to consent to it.  *EEOC v. Pan American World Airways*, 987 F.2d 1499,
19 1506 (9th Cir. 1990).
20      The court understands the argument that the Current Owners have no right to maintain a
21 property in violation of the Fair Housing Act.  However, at this stage of the proceedings, this
22 argument fails to convince the court that the consent decree should be entered.  Plaintiffs and
23 Defendants may agree to the fact that violations exist and that their remedies are the best way to
24 resolve the issues that arise from those violations.  However, Plaintiffs and Defendants have no
25 right to bind the Current Owners to their determination that violations exist or that certain
26 remedies are best when it is the Current Owners who will suffer the consequences of those
27 determinations.  Should the court have found liability the Current Owners could be forced to
28 comply with remedies imposed by the court.  The court, however, would be remiss if it were to

4

avoid determining liability and impose obligations and duties upon the Current Owners merely because Plaintiffs and Defendants agree the court should so act.

As such, at this stage of the proceedings, the court cannot accept the proposed consent decree because it imposes duties and obligations upon a non-consenting third party.  The Current Owners are defendants in this action because full relief on the Fair Housing Act claims cannot be had without their participation.  This fact only bolsters the court's wariness of a proposed consent decree which purports to resolve the Fair Housing Act claims but is not joined by the Current Owners.  Given the obligations imposed upon the Current Owners through the proposed consent decree, the court finds it inappropriate to accept the decree as written without the consent of the Current Owners.

The court recognizes that the parties have spent a significant amount of time reaching the current settlement agreement.  Further, the court notes that much of the agreement seems to be well reasoned and planned.  As such, the court believes the parties will benefit from further settlement discussions in light of the court's ruling.

It is therefore ORDERED that the Joint Motion for Entry of Consent Decree (#273) is DENIED;

It is further ORDERED that this case is referred to the Honorable Valerie P. Cooke for the purpose of conducting a settlement conference;

It is further ORDERED that the Current Owners' motions to strike new evidence (##290 & 291) are DENIED as moot;

It is further ORDERED that the United States request to file documents under seal (#288) is GRANTED without opposition.

DATED this 31st day of May, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE