1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                    * * *
                                       )
9    UNITED STATES OF AMERICA,          )
                                        )
10                 Plaintiff,           )          3:04-CV-00292-LRH-RAM
                                        )
11   v.                                 )          (Consolidated with
                                        )          3:04-CV-00397-ECR-VPC)
12   SHARLANDS TERRACE, LLC et al.,     )
                                        )          ORDER
13                 Defendants.          )
     _____)

14

15         The present motion for partial summary judgment is part of long running litigation between

16   the United States and several entities involved in the design and construction of an apartment

17   complex in Reno, Nevada.  In the present motion (#344[1]), the United States asks this court to find

18   five defendants liable for violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, due

19   to allegedly discriminatory design and construction at the apartment complex.  The United States

20   also asks this court to order the defendants to submit a plan to remedy violations of the Fair

21   Housing Act.  Because the United States has shown that the five defendants violated the Fair

22   Housing Act as a matter of law, the court grants the present motion for partial summary judgment

23   as to these defendants.

24   ///

25

26
     _____
         [1]Refers to the court's docket

# I.      Facts and Procedural History

The Sharlands Terrace Apartments ("Property") consist of 304 units, 152 of which are single-story, ground-floor units constructed for first occupancy after March 13, 1991.  Defendant Sharlands Terrace, LLC owned the land and buildings that constitute the Property from August 17, 2000, until its sale in 2004.  Defendant Blatt Development, Inc. was a developer and contractor on the Property, and Defendant Michael Blatt is the president of Defendant Blatt Development, Inc. Blatt Development, Inc. and Michael Blatt hired and supervised Defendant James Tibbens, doing business as San Joaquin Design Group ("SJDG"), and Defendant Jeff Codega Planning and Design ("JCPD") to complete design work on the Property.  The court will refer to the defendants mentioned in this paragraph as the Design/Construction Defendants ("D/C Defendants").

The other defendants named in this action are the current owners of the Property.  On January 8, 2004, Sharlands Terrace, LLC sold the Property to Defendants Windgate Apartments LP; 1930 Wright Street LLC; 5311 College Oak Drive LLC; 3859 Annadale Lane LLC; Sharlands Terrace Apartments I, LLC; and Sharlands Terrace Apartments II, LLC (collectively, the "Current Owner Defendants").  These entities have been named as defendants because the United States is seeking injunctive relief that includes retrofitting the Property to improve access for persons with disabilities.  The United States has not alleged that the Current Owner Defendants are liable for FHA violations.

# II.     Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

1   587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

2       The moving party bears the burden of informing the court of the basis for its motion, along

3   with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*,

4   477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party

5   must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could

6   find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.

7   1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

8       In order to successfully rebut a motion for summary judgment, the nonmoving party must

9   point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v.*

10  *Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might

11  affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

12  242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary

13  judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute

14  regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could

15  return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a

16  scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine

17  dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at

18  252.

19  **III.   Discussion**

20      **A.   Liability Under the FHA**

21      In opposition the United States' motion for partial summary judgment, JCPD filed a

22  "Limited Opposition to United States' Motion for Partial Summary Judgment." (#348.) In this

23  opposition, JCPD does not contest the FHA violations; rather; JCPD opposes the United States'

24  motion to the extent JCPD is not liable for FHA violations of its co-defendants. (*Id.* at 2.)

25  Further, JCPD denies responsibility for the Property's features that constitute FHA violations. (*Id.*

26

1    at 8.)  JCPD also contends that the United States has not offered proof that the D/C Defendants

2    engaged in a pattern or practice of discrimination.  (*Id.* at 7.)  In separate oppositions, Defendants

3    SJDG; Sharlands Terrace, LLC; Michael Blatt; and Blatt Development, Inc. filed a "partial joinder"

4    to JCPD's opposition (#350 & #351).

5           The court addresses the D/C Defendants last contention first–that the United States' motion

6    should be denied because it offered no proof the D/C Defendants engaged in a pattern or practice of

7    discrimination.  Defendants' contention mistakenly identifies the FHA's "pattern or practice"

8    requirement as an element of FHA liability.  The "pattern or practice" requirement is one of two

9    ways by which the Attorney General is authorized to bring suit to enforce the FHA.  *See* 42 U.S.C.

10   § 3614(a).  The Attorney General may also bring suit when a defendant has denied FHA rights to a

11   group of persons and that denial raises an issue of "general public importance."  *Id.*; *United States*

12   *v. Taigen & Sons, Inc.*, 303 F. Supp. 2d 1129, 1138 (D. Idaho 2003).  As demonstrated below, the

13   Attorney General was correct in finding that four of the D/C Defendants denied FHA rights to a

14   group of persons under § 3614(a).  *See id.* at 1139 (holding that an apartment complex that is not

15   designed to serve persons with disabilities also denies a group of persons rights granted by the

16   FHA).  Furthermore, the Attorney General's determination that a matter raises an issue of general

17   public importance is not reviewable by this court.[2]  *Taigen*, 303 F. Supp. 2d at 1138.  Therefore, the

18   Attorney General was properly authorized to bring suit to enforce the FHA.

19          The court now turns to whether each of the D/C Defendants is, as a matter of law, liable for

20   the FHA violations identified by the United States.  Under the FHA, it is unlawful to "discriminate

21   against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the

22

23          [2]Even if the Attorney General's determination were reviewable, the court would still find that the four
     D/C Defendants denial of FHA rights to a group of persons raises an issue of general public importance.  *See*
24   *Taigen*, 303 F. Supp. 2d at 1139 ("It is of course obvious that housing that is inadequately designed and
     constructed to serve persons with disabilities denies that class of persons rights granted by the Act . . . [and]
25   that 'denial raises an issue of general public importance.'") (*quoting United States v. Hartz Constr. Co.*, No.
     97-C-8175, 1998 WL 42265 (N.D. Ill. Jan. 28, 1998)).

26
                                                    4

1    provision of services or facilities in connection with such dwelling, because of a handicap of (A)

2    that person; or (B) a person residing in or intending to reside in that dwelling after it is so sold,

3    rented, or made available; or (C) any person associated with that person."  42 U.S.C. § 3604(f)(2).

4    The FHA defines "discrimination" within the meaning of subsection (f) to include a failure to

5    "design and construct" dwellings in accordance with the accessibility standards outlined in that

6    subsection.  42 U.S.C. § 3604(f)(3).

7        With respect to the D/C Defendants' argument that they are not responsible for the

8    Property's features that constitute FHA violations, the court finds this argument is without merit.

9    Turning first to Defendant JCPD, in the deposition of Kevin Kossol, who was designated as

10   JCPD's Federal Rule of Civil Procedure 30(b)(6) representative, Mr. Kossol admits that it was

11   within the scope of JCPD's responsibility to provide plans for the Property's curb cuts.  (Kossol

12   Dep. (#352), Ex. A at 11:22-12:4.)  The United States' has provided undisputed evidence showing

13   the Property's curb cuts were not FHA compliant.  (*See* Mot. for Part. Summ. J. (#344) at 11:16-

14   12:10.)  JCPD is therefore liable for violating the FHA through its noncompliant plans.  *See United*

15   *States v. Quality Built Constr., Inc.*, 309 F. Supp. 2d 756, 761 (E.D.N.C. 2003) ("When a group of

16   entities enters into the design and construction of a covered dwelling, all participants in the process

17   as a whole are bound to follow the [FHA].  To hold otherwise would defeat the purpose of the

18   [FHA] to create available housing for handicapped individuals and allow wrongful participants in

19   the design and construction process to remain unaccountable.  In essence, any entity who

20   contributes to a violation of the [FHA] would be liable.") (*quoting Baltimore Neighborhoods, Inc.*

21   *v. Rommel Builders, Inc.*, 3 F. Supp. 2d 661 (D. Md. 1998)).

22       Concerning Defendant SJDG, the United States has again shown that the Property contains

23   FHA violations within the scope of SJDG's responsibility.  James Tibbens, the lead designer for

24   SJDG's work on the Property, admitted that SJDG's work on the Property encompassed designs for

25   the apartments, clubhouse, mail kiosk, and trash dumpster enclosures.  (Tibbens Dep. (#344), Ex. C

26

at 9:1-10:6.; SJDG Resp. to Req. for Admis. (#344), Ex. J at ¶ 30.)  SJDG does not dispute the United States' evidence showing that these structures failed to comply with the FHA.  (*See* Mot. For Part. Summ. J. (#344) at 12:17-16:23.)

With respect to Defendant Michael Blatt, the United States has shown that he had final authority to approve, reject, or seek modification of all plans for the Property.  (Blatt Resp. to Req. for Admis. (#344), Ex. F-1 at ¶ 40.)  Concerning Defendant Blatt Development, Inc., the United States has presented evidence that Blatt Development, Inc. was responsible, at least in part, for the Property's construction.  (Blatt Development Resp. to Req. for Admis. (#344), Ex. H-1 at ¶ 32.) Defendants Michael Blatt and Blatt Development, Inc. do not dispute that the Property has many features that fail to comply with the FHA.

Finally, with regard to Defendant Sharlands Terrace, LLC, the United States has shown that the LLC owned the Property throughout its design and construction and that the LLC hired JCPD and SJDG to provide architectural and engineering plans.  (Sharlands Resp. to Req. for Admis. (#344), Ex. G-1 at ¶¶ 31, 35, 36, 38.)  This ownership and power over the planning process is sufficient to create liability in the LLC for its  role in the design and construction process, which resulted in FHA violations.  *See Quality Built Constr.*, 309 F. Supp. 2d at 756.

**B.    Remedial Plan**

As a result of their liability under the FHA, the court orders D/C Defendants to submit a detailed remedial plan with appropriate timetables identifying how they will timely eliminate the discriminatory conditions identified by the United States and uncontested by Defendants.  This order is in accordance with this court's equitable authority and the authority granted by the FHA to "award such preventive relief, including a permanent or temporary injunction, restraining order, or other order against the person responsible for a violation of this subchapter as is necessary to assure the full enjoyment of the rights granted by this subchapter."  42 U.S.C. § 3614(d)(1)(A).  The remedial plan shall be submitted within 45 days of this order, and the United States shall have 30

1   days thereafter in which to respond.  All defendants and the United States are encouraged to work

2   together in the completion of the remedial plan.  The D/C Defendants are also encouraged to work

3   toward an agreement regarding the allocation of responsibility for the FHA violations.

4          IT IS THEREFORE ORDERED that the United States' Motion for Partial Summary

5   Judgment (#344) is GRANTED in part and DENIED in part.

6          IT IS SO ORDERED.

7          DATED this 30th day of September 2008.

8

9          _____

10         LARRY R. HICKS
           UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26