UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SHARLANDS TERRACE, LLC, et al.,<br><br>    Defendants. | 3:04-CV-00292-LRH-RAM<br><br>(Consolidated with<br>3:04-CV-00397-ECR-VPC)<br><br><u>ORDER</u> |

Before the court is the Report and Recommendation of U.S. Magistrate Valerie P. Cooke (#376[1]) entered on May 12, 2009, recommending the adoption of a remedial plan (#362), with certain amendments, proposed by several defendants in this action.

**I.    Background**

The magistrate's May 12, 2009, report and recommendation ("Report") comes in response to this court's October 1, 2008, order in which the court granted in part and denied in part the United States' motion for partial summary judgment against Defendants Sharlands Terrace, LLC; Michael Blatt; Blatt Development, Inc; James Tibbens; and Jeff Codega Planning and Design[2] (collectively, "D/C Defendants"). The D/C Defendants were involved in the ownership, design, or

---

[1] Refers to court's docket number

[2] Jeff Codega Planning and Design has since filed for Chapter 7 bankruptcy. (#384.)

1 construction of the Sharlands Terrace Apartments ("Property"), many aspects of which violate the
2 Fair Housing Act (FHA), 42 U.S.C. § 3601, *et seq.*  The six other defendants named in this action
3 are the current owners of the Property: Defendants Windgate Apartments LP; 1930 Wright Street
4 LLC; 5311 College Oak Drive LLC; 3859 Annadale Lane LLC; Sharlands Terrace Apartments I,
5 LLC; and Sharlands Terrace Apartments II, LLC (collectively, "Owners").  The United States has
6 not alleged the Owners are liable for FHA violations.

7 In its October 1, 2008, order, the court ordered the D/C Defendants to submit a detailed
8 remedial plan with appropriate timetables identifying how they will timely eliminate the Property's
9 FHA violations.  The D/C Defendants submitted a proposed remedial plan (#362), which the court
10 referred to the magistrate for a report and recommendation (#372).  In response to objections raised
11 by the Owners (#365), the magistrate ordered the United States and the D/C Defendants to submit a
12 report concerning whether the Owners' proposed changes to the remedial plan were acceptable
13 (#373).  The United States and the D/C Defendants submitted a report concerning agreed upon
14 changes (#374), and the Owners filed a supplemental response (#375).

15 The magistrate's Report adopts the proposed remediation plan in most respects but also
16 makes a number of amendments.  The parties submitted four objections to the Report. (#377; #378;
17 379; #383.)  The court has conducted its de novo review in this case by considering the parties'
18 objections, the pleadings and memoranda of the parties, and other relevant matters of record
19 pursuant to 28 U.S.C. § 636(b)(1) and Local Rule IB 3-2.  The court now adopts and accepts the
20 Report to the extent it is not otherwise rejected or modified in this order.

21 **II.    Discussion**

22 As stated in the magistrate's Report, the court must now approve the remedial plan pursuant
23 to its equitable authority and the FHA, which allows the court to "award such preventive relief,
24 including a permanent or temporary injunction, restraining order, or other order against the person
25 responsible for a violation of this subchapter as is necessary to assure the full enjoyment of the

rights granted by this subchapter . . . ." 42 U.S.C. § 3614(d)(1)(A). The court is mindful that the Owners are necessary parties but are not subject to liability. As such, they may be "subjected to such minor an ancillary provisions of an injunctive order as the District Court might find necessary to grant complete relief . . . from the discrimination . . . suffered . . . ." *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 399 (1982). Despite the objections of affected parties who are not liable for the violations, the FHA allows the court to order injunctive relief that is "no more burdensome to the defendant than necessary to provide complete relief to plaintiffs." *Zepeda v. U.S. Immigration & Naturalization Serv.*, 753 F.2d 719, 729 n.1 (9th Cir. 1984) (*quoting Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)).

### A. United States' Objections

#### 1. Owners' Obligations

The United States first objects to the Report's statement that "[o]nce the remediation is completed, the court further anticipates that the plaintiffs will release the current owners from future liability with respect to FHA accessibility requirements." (Report and Recommendation (#376) at 7:22-24.) The United States argues such a release from liability is unnecessary, as the United States never alleged the Owners are subject to liability. Nevertheless, the United States offers to address the Owners' concerns by agreeing to add the following language to paragraph 23 of the remedial plan:

> [U]pon final certification by the Inspector pursuant to paragraph 23 of the Plan that all retrofits specified in Appendix A have been completed, and after the expiration of the ten-day objection period of paragraph 24 (if no objections are made) or, if objections are made, after final disposition of them pursuant to the procedure specified in paragraph 24, the Owner Defendants shall have no further obligations under the Remedial Plan.

The United States' objection is well-taken. The court therefore rejects the Report's statement that the court anticipates the plaintiffs will release the Owners from future liability once the remediation is completed. The court also modifies the remedial plan to include the United States' proposed language at paragraph 23.

3

### 2. Guidelines for Light Switches, Thermostats, and Electrical Outlets

The United States also objects to the magistrate's recommendation that "[i]n each retrofitted unit, light switches and thermostats shall be installed at a uniform height of 48 inches, and electrical outlets shall be installed at a uniform height of 15 inches." (*Id.* at 17:14-16.) The United States notes that while the Report's approach could satisfy the minimum requirements of the FHA and the Fair Housing Accessibility Guidelines, 56 Fed. Reg. 9472, 9507-08 (Mar. 6, 1991), the FHA and Guidelines allow for greater flexibility. The court agrees. The Report shall be amended to specify that light switches, thermostats, and electrical outlets shall be installed in accordance with the Fair Housing Accessibility Guidelines and the Fair Housing Act Design Manual, both of which are attached to the United States' objections. (#377.)

### B. Owners' Objections

#### 1. Owners as Additional Insureds

The Owners object to the Report's failure to require that the D/C Defendants obtain general liability insurance covering the Owners.[3] The court agrees that the Owners should be named as additional insureds under the general liability insurance in order to protect their interests as parties affected by the court's remedial order. As such, the court modifies the Report to require that the Owners be named as additional insureds under a standard policy of general liability insurance.

#### 2. General Requirements for Remediation Plan

The Owners also object to the Report to the extent it limits the remedial plan's "general notes" to only exterior remediation plans. The court agrees that the general notes should apply to all the retrofits, exterior and interior, specified in the remedial plan. Thus, Appendix A of the

---

[3] In support of their objections to the Report, the Owners attach the declaration of David Kuivanen, who provides testimony concerning the proposed remedial plan. The court will accept Kuivanen's testimony for the limited purpose of considering the Owners' objections. Accordingly, the court grants the Owners' motion to designate Kuivanen as an expert witness for this limited purpose. The D/C Defendants' motion to strike the Kuivanen declaration is therefore denied as moot.

remedial plan shall be amended to include the following prefatory statement:

> All modifications, retrofits, and other work performed pursuant to the Appendix shall be performed in accordance with the following requirements:
>
> a) All work shall be completed in a quality and workmanlike manner in strict compliance with all existing laws, regulations, ordinances and codes.
>
> b) All areas of works shall be completed so as to minimize visual appearance of any "patch work."
>
> c) All work shall be performed to the same quality and style as the existing improvements.
>
> d) All work shall be done in accordance with all manufacturers' recommendations.
>
> e) The work shall not unnecessarily interfere with the operations of the apartment complex.

To insure compliance with these requirements, the remedial plan shall also be amended at paragraph 19 to state, "Inspector shall have expertise in the design and construction requirements of the Fair Housing Act as well as normal standards and practices of construction."

### 3. Building Permits

The court further agrees with the Owners' request to specify in the remedial plan that "the contractor is required to finalize the permits at the conclusion of the job by providing the appropriate building inspector sign-offs and required Certificate of Occupancy." The Report shall be modified accordingly.

### 4. Escrow Account

The court also concurs with the Owners' request that the parties shall "meet and confer for purposes of selecting an independent construction contract distribution service to control the account and distribute progress payments to the contractor." The Report shall be modified to incorporate this requirement.

### 5. Leave to Seek Reimbursement for Inspector Fees

The Owners also object to the magistrate's recommendation that the Owners be denied the

5

1  opportunity to seek reimbursement from the D/C Defendants for employment of an inspector. The
2  court agrees with the Owners that they should not be denied the opportunity to request fees for their
3  own inspector. The court, however, does not find the these fees will necessarily be recoverable
4  upon such a request.

### 6.   Time Frames

The court also grants in part the Owners' request to lengthen certain time frames in the remedial plan. The Owners shall have 14 days to make objections to the proposed inspector (*see* Remedial Plan (#362) ¶ 19), and the Owners shall have 20 days to object to certifications made by the Inspector (*see id.* ¶ 24).

IT IS THEREFORE ORDERED that the magistrate's report and recommendation entered on May 12, 2009 (#376) is ADOPTED and ACCEPTED to the extent it is not modified or rejected in this order.

IT IS FURTHER ORDERED that the Owners' motion to designate David Kuivanen as an expert witness (#385) is GRANTED for the limited purpose of consideration of the Owners' objections to the magistrate's report and recommendation.

IT IS FURTHER ORDERED that the D/C Defendants' motion to strike Kuivanen's declaration (#381) is DENIED as moot.

IT IS SO ORDERED.

DATED this 20th day of July, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE