1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

19 | UNITED STATES OF AMERICA, Plaintiff, ) PARTIAL CONSENT DECREE

20 | ) AND ORDER THEREON
21 | v. )
22 | SHARLANDS TERRACE, LLC, et al., Defendants. ) Case No. CV-N-04-0292-LRH-VPC
23 | SILVER STATE FAIR HOUSING )
COUNCIL, INC., et al., Plaintiffs, )
24 | – consolidated with –
v. )
25 |
SHARLANDS TERRACE LLC, et al., Defendants. )
26 | Case No. CV-N-04-0397

27
28

# I. INTRODUCTION

## A. Background

1. Plaintiffs United States of America, Silver State Fair Housing Council, Inc. ("SSFHC"), and Paul Babiak (collectively "Plaintiffs") and Defendants Sharlands Terrace, LLC, Jeff Codega Planning and Design, Inc., James Tibbens dba San Joaquin Design Group, Blatt Development of Nevada, Inc., and Michael T. Blatt (collectively "Design/Construction Defendants") agree to the terms of this Partial Consent Decree resolving the remaining claims of the United States in case number CV-N-04-0292, and of SSFHC and Mr. Babiak in case number CV-N-04-0397.

2. This litigation arose from the design and construction of the Sharlands Terrace Apartments, a 304-unit, two-story, residential dwelling complex located at 6400 Sharlands Avenue, in Reno, Nevada ("the subject property"). The subject property consists of 21 multifamily, non-elevator buildings, each with more than four units. It contains 152 ground-floor units, as well as public and common use areas, including parking areas, sidewalks, garbage receptacles, a combined leasing office/clubhouse building with a men's toilet room and showers, a women's toilet room and showers, a fitness center, a business center, a pool, and spa. Each ground-floor unit at the subject property was designed and constructed for first occupancy after March 13, 1991.

3. On June 4, 2004, the United States filed its Complaint in case number CV-N-04-0292, alleging violations of Sections 804(f)(1), (f)(2), and (f)(3)(C) of the Fair Housing Act, 42 U.S.C. §§ 3604(f)(1)), (f)(2) and (f)(3)(C). Specifically, the United States' Complaint alleges that Defendants Sharlands Terrace, LLC, Jeff Codega Planning and Design, Inc., James Tibbens dba San Joaquin Design Group, and Blatt Development of Nevada, Inc. (collectively the "Design/Construction Defendants"), failed to design and construct the subject property with the features of accessible and adaptable design set forth in 42 U.S.C. § 3604(f)(3)(C) and thereby have engaged in a pattern or practice of resistance to the full enjoyment of rights granted by the Act, and denied to a group of persons rights granted by the Act, which denial raises an issue of general public importance.[1] In its Complaint, the United States also named Windgate Apartments, LP, 1930 Wright Street, LLC, 5311 College Oak Drive, LLC, 3859

---

[1] The United States brought its claims under the Fair Housing Act alleging a pattern or practice of discrimination and a denial of rights to a group of persons pursuant to the Attorney General's authority under 42 U.S.C. § 3614(a). In addition to those claims under the Act, the United States brought claims pursuant to 42 U.S.C. § 3612(o) on behalf of SSFHC and Mr. Babiak. Previously, on January 4, 2002, and June 25, 2002, Mr. Babiak and SSFHC, respectively, filed complaints with the United States Department of Housing and Urban Development, pursuant to 42 U.S.C. § 3610(a), alleging, among other things, that the subject property was not designed and constructed in accordance with the accessibility requirements of the Act. The Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause exists to believe that the subject property was not designed and constructed in accordance with the accessibility requirements of the Act. On April 21, 2004, the Secretary issued a Charge of Discrimination, pursuant to 42 U.S.C. § 3610(g)(2)(A). On May 5, 2004, SSFHC elected to have the Charge of Discrimination resolved in a civil action filed in federal district court, pursuant to 42 U.S.C. § 3612(a).

Annadale Lane, LLC, Sharlands Terrace Apartments I,, LLC, and Sharlands Terrace Apartments II,, LLC, as

necessary parties for relief based on their status as current owners of the subject property (collectively the "Current

Owner Defendants").

    4. On July 27, 2004, SSFHC and Mr. Babiak filed their Complaint in case number CV-N-04-0397, alleging

violations of the federal Fair Housing Act. Specifically, SSFHC and Mr. Babiak alleged that Defendants Sharlands

Terrace, LLC, Jeff Codega Planning and Design, Inc., James Tibbens dba San Joaquin Design Group, and Blatt

Development of Nevada, Inc., have engaged in a pattern or practice of discrimination against persons with

disabilities by committing discriminatory housing practices in connection with the design, construction, and/or

operation of the subject property. In their Complaint SSFHC and Mr. Babiak also named Windgate Apartments LP,

1930 Wright Street, LLC, 5311 College Oak Drive, LLC, 3859 Annadale Lane, LLC, Sharlands Terrace Apartments

I,, LLC, and Sharlands Terrace Apartments II,, LLC, as necessary parties to afford complete affirmative equitable

relief.

    5. On November 23, 2004, the cases brought by the United States and SSFHC and Mr. Babiak were

consolidated.

    6. On October 12, 2005, the United States' Amended Complaint and SSFHC's Amended Complaint, with

both complaints naming Michael T. Blatt as a Defendant, were filed with the permission of the Court. For the

purposes of this Partial Consent Decree, Michael T. Blatt is also a Design/Construction Defendant.

    7. On April 16, 2008, the United States filed a Partial Motion for Summary Judgment to establish that the

subject property was not compliant with the FHA requirements. On October 1, 2008, the Court entered its Order

granting in part and denying in part the United States' Partial Motion for Summary Judgment, holding the

Design/Construction defendants liable for violations of the FHA at the Sharlands Terrace Apartments and ordering

the Design/Construction Defendants to submit a detailed remedial plan with appropriate timetables identifying how

the Design/Construction Defendants would timely eliminate the discriminatory conditions identified by the United

States. The Design/Construction Defendants filed their plan with the Court on November 14, 2008. After

considering the parties' objections and making amendments, Magistrate Judge Valerie P. Cooke issued a report and

recommendation that the Court adopt the plan as amended. The Court, after considering additional objections by the

parties and making further modifications, adopted the Remedial Plan on July 21, 2009 (doc. 389).

    8. Neither this Court's October 1, 2008, Order nor the Remedial Plan addressed Plaintiffs' remaining

claims for monetary damages and injunctive relief in addition to the remediation of the subject property, or the

United States' claim for a civil penalty.

B. Design/Construction Defendants

9.   Defendant Sharlands Terrace, LLC, a Nevada limited liability company, is the original owner and manager of the Sharlands Terrace Apartments. In its capacity as owner and manager, Sharlands Terrace, LLC, was responsible for the design and/or construction of the Sharlands Terrace Apartments.

10.   Defendant Jeff Codega Planning and Design, Inc., a Nevada corporation, provided civil engineering services for the Sharlands Terrace Apartments.

11.   Defendant James Tibbens dba San Joaquin Design Group was an architect and civil engineer licensed in California and a civil engineer licensed in Nevada and provided architectural services for the Sharlands Terrace Apartments.

12.   Defendant Blatt Development of Nevada, Inc., a Nevada corporation, served as the builder and in that capacity was responsible for the design and/or construction of the Sharlands Terrace Apartments.

13. Defendant Michael T. Blatt served as manager and member of Defendant Sharlands Terrace LLC and president and shareholder of Defendant Blatt Development of Nevada, Inc.

C. Relevant Requirements of the Fair Housing Act

14. The Fair Housing Act provides that all ground-floor units, in non-elevator buildings (with four or more units) designed and constructed for first occupancy after March 13, 1991, are "covered units" and must include certain basic features of accessible and adaptable design to make such units usable by a person who is or who becomes disabled. 42 U.S.C. §§ 3604(f)(3)(C) and (f)(7)(B). The features of accessible and adaptable design required by the Act include: (a) public and common use areas that are readily accessible to and usable by persons with disabilities; (b) doors for passage into and within all premises that are sufficiently wide to allow passage by persons using wheelchairs; (c) an accessible route into and through the dwelling; (d) light switches, electrical outlets, thermostats, and environmental controls in accessible locations; (e) reinforcements in bathroom walls to allow later installation of grab bars; and (f) usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space. 42 U.S.C. § 3604(f)(3)(C).

15. The ground-floor units at the subject property are "covered multifamily dwellings" within the meaning of the Act, 42 U.S.C. § 3604(f)(7)(B). As such, those units and the public and common use areas at the subject properties must comply with the design and construction requirements of 42 U.S.C. § 3604(f)(3)(C).

D. Consent of the Parties to Entry of this Order

-4-

16. The parties agree that this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 3612(o), 3613, and 3614(a). During the course of the proceedings, the Design/Construction Defendants raised various defenses to portions of the above claims. In this Partial Consent Decree, the United States, SSFHC, Mr. Babiak, and the Design/Construction Defendants have negotiated a complete and final settlement of the following claims:

(a)     The United States,' SSFHC's, and Mr. Babiak's claims for injunctive relief pursuant to 42 U.S.C. § 3614(d)(1)(A) ;

(b)     The United States' claims for monetary damages for persons aggrieved by the non-compliant design and construction of the Subject Property, pursuant to 42 U.S.C. § 3614(d)(1)(B); and

(c)     The United States' claim for a civil penalty, pursuant to 42 U.S.C. § 3614(d)(1)(C).[2]

Accordingly, these parties have jointly consented to the entry of this Partial Consent Decree as indicated by the signatures appearing below. All of the Plaintiffs' claims against the Current Owner Defendants and some of the Plaintiffs' claims against the Design/Construction Defendants were resolved by the Remedial Plan entered by the Court in July 2009. Upon entry of this Partial Consent Decree all remaining claims between Plaintiffs and the Design/Construction Defendants will be resolved.

17. The parties hereto agree that this Partial Consent Decree is the result of a compromise and negotiation and that the Partial Consent Decree shall not constitute or be construed as an admission of any liability or wrongdoing on the part of any Design/Construction Defendant, each of which maintains all defenses to any cross- or third-party claims remaining before this Court, including without limitation, any claims by the Current Owner Defendants.

Therefore, it is hereby ORDERED, ADJUDGED and DECREED:

## II. COMPENSATION OF IDENTIFIED AGGRIEVED PERSONS

18. The Design/Construction Defendants shall pay[3] the total sum of $65,000.00[4] to the following aggrieved persons identified by the United States:

---

[2] SSFHC's and Mr. Babiak's claims for monetary damages and attorneys' fees and costs have been separately settled. See ¶22, below.

[3] If any of the payments required under this Decree are made after the prescribed time, for whatever reason, such payments shall include interest from the prescribed time of payment, calculated by the formula set forth in 28 U.S.C. § 1961. Payment of such interest shall be in addition to any other remedies available to the United States for delays in payment.

[4] The Design/Construction Defendants have agreed to fund the $65,000 as follows: Tibbens $8,334, Codega $28,333, Blatt/Sharlands Terrace Defendants $28,333.

| Jaramillo, Andy H. | $ 6,213.24 |
| Martin, Jeanne T. | $11,948.53 |
| Nelson, Bradley T. | $ 6,213.24 |
| Poirier, John D. | $11,948.53 |
| Rollo, Joanne | $10,036.76 |
| Springmeyer, Andrew A. | $ 4,301.47 |
| Summers, Kurleen | $ 4,301.47 |
| Whitehead, Patsy | $10,036.76 |

The Design/Construction Defendants shall, no later than 30 days after the date of entry of this Decree, send to the United States checks payable in these amounts to the indicated payees.[5] The United States shall distribute these checks to the identified aggrieved persons, or to the estate or heir(s) of any deceased aggrieved person, but not before each of the aggrieved persons or estate or heir(s) has executed the written release, set out in Appendix A, of all claims, legal or equitable, that he or she might have against the Design/Construction Defendants relating to the claims asserted in this lawsuit. If an aggrieved person, identified above by the United States, declines to execute a written release, then the United States shall return the amount due to that aggrieved person to the Design/Construction Defendants, divided among the Design/Construction Defendants in a proportion equal to their original contribution to the total amount due to the aggrieved persons.

19. This agreement represents a full and final resolution of claims the United States alleged or could have alleged for monetary damages against the Design/Construction Defendants in connection with the claims in United States' complaint related to the design and construction of the subject property, except for any subsequent complaints referred to the Attorney General by the United States Department of Housing and Urban Development pursuant to 42 U.S.C. § 3612(o), provided that the United States agrees not to commence or maintain any action under 42 U.S.C.§ 3604(f)(3)(C) based on the design and construction, as of the date of entry of this Order, of the subject property for which a remedial plan has been adopted by the court which resolves all claims related thereto.

### III. CIVIL PENALTY

20. No later than 30 days after the date of entry of this Order, the Design/Construction Defendants shall pay to the United States a civil penalty of $25,332.00 to vindicate the public interest, pursuant to 42 U.S.C. §

---

[5] The checks payable by the Design/Construction Defendants shall be made payable to the aggrieved persons in the following percentages: Tibbens 12.822%, Codega 43.589%, Blatt/Sharlands Terrace Defendants 43.589%.

3614(d)(1)(C). This sum shall be paid by submitting to counsel for the United States one or more checks made payable to the "United States of America" totaling $25,332.00.[6]

21. This agreement represents a full and final resolution of the United States' demand for a civil penalty against the Design /Construction Defendants pursuant to 42 U.S.C. § 3614(d)(1)(C) in connection with the United States' complaint related to  the design and construction of the subject property.

### IV. COMPENSATION OF PLAINTIFFS SILVER STATE FAIR HOUSING COUNCIL, INC. AND PAUL BABIAK

22. The Design/Construction Defendants in case number CV-N-04-00397 have made a monetary payment of $292,000.00, in the form of one or more checks made payable to the Attorney Client Trust Account of Brancart & Brancart. This settlement sum reflects the payment of $35,000.00 to Silver State Fair Housing Council, Inc., the payment of $105,000.00 to Paul Babiak, and the payment of $152,000.00 in attorneys fees and costs. SSFHC and Babiak and the Design/Construction Defendants have executed a mutual release subject to the terms of this Decree acknowledging that this payment settles any and all monetary claims between SSFHC and Babiak and the Design/Construction Defendants.

### V. GENERAL INJUNCTION

23. The Design/Construction Defendants, their respective present owners, officers, members, site managers, employees, agents, successors and assigns and all other persons in active concert or participation with any of them, are enjoined from discriminating on the basis of disability as prohibited by the Fair Housing Act, 42 U.S.C. § 3604(f)(1)-(3).

### VI. NON-DISCRIMINATION IN FUTURE DESIGN AND CONSTRUCTION

24. During the term of this Partial Consent Decree, each of the Design/Construction Defendants shall maintain and provide to the United States the following information and statements regarding any covered, multifamily dwellings which after entry of this Partial Consent Decree is intended to be purchased, developed, built, designed, and/or engineered in whole or in part, by it or by any entities in which it or its successors in interest have a position of control as an officer, director, member, or manager, or have a ten percent (10%) or larger ownership share. Each of the Design/Construction Defendants shall provide such information to the United States on three occasions: no later than one month, no later than 12 months, and no later than 23 months, after entry of this Decree:

    (a)  the name and address of the project;

---

[6] The Design/Construction Defendants have agreed to fund the $25,332 as follows: Tibbens $12,666, Blatt/Sharlands Terrace Defendants $12,666.

(b)  a description of the project and the individual units;

(c)  the name, address and telephone number of any site engineer(s) and/or civil  engineer(s), who are employed by or retained by any Design/Construction Defendant and are involved with the project;

(d) a statement from all site engineer(s) and/or civil engineer(s), who are employed by or retained by any Design/Construction Defendant and are involved with the project, acknowledging and describing his/her knowledge of and training in the requirements of  Section 804(f)(3)(C) of the Fair Housing Act and in the field of accessible site design and certifying that he/she has reviewed the civil engineering documents for the project, for which that Design/Construction Defendant is responsible, and that the specifications therein fully comply with the requirements of the Fair Housing Act; and the HUD Fair Housing Accessibility Guidelines, 24 C.F.R. Part 100 (Mar. 6, 1991) and the HUD Supplement to Notice of Fair Housing Accessibility Guidelines, 24 C.F.R. Ch. I (June 28, 1994) (hereinafter "the Guidelines");

(e) the name, address and telephone number of the architect(s), who are employed by or retained by any Design/Construction Defendant and are involved with the project; and

(f)  a statement from all architect(s), who are employed by or retained by any Design/Construction Defendant and are involved with the project, acknowledging and describing his/her knowledge of and training in the requirements of Section 804(f)(3)(C) of the Fair Housing Act and in the field of accessible site design and certifying that he/she has reviewed the architectural plans for the project and that the design specifications therein fully comply with the requirements of the Act and the Guidelines.

(g)  If the engineering documents or architectural plans are revised, and the revisions could have any impact on the accessibility of the dwellings or complex, each of the Design/Construction Defendants shall obtain, maintain, and provide to the United States upon request, a statement from the site engineer(s) or architect(s), who are employed by or retained by any Design/Construction Defendant and are involved with the project, as applicable, that all specifications in the revised engineering documents or architectural plans, as pertinent, comply with the requirements of the Fair Housing Act and the Guidelines.

25.  For the term of this Decree, if Defendant Jeff Codega Planning and Design, Inc., and Defendant James Tibbens dba San Joaquin Design Group prepare any engineering documents, architectural or site plans, drawings, or blueprints for covered multi-family housing, they shall:  include on such documents, plans, drawings or blueprints a statement that they comply with the Fair Housing Act; and upon request, provide to the United States a list of all such multi-family housing that they have designed or are designing during the term of the Decree.

## VII. EDUCATIONAL PROGRAM

26. No later than 30 days after the entry of this Decree, the Design/Construction Defendants shall provide to all their present owners, officers, members, site managers, supervisory design employees, supervisory engineering employees and supervisory construction employees involved, at any time after the entry of this Decree until this Decree's termination date (hereinafter "the key persons"), in the actual design or construction of multifamily dwellings covered by the Act: (1) a copy of this Partial Consent Decree; and (2) instruction on (i) the terms of this Partial Consent Decree, (ii) the requirements of the Fair Housing Act with regard to non-discrimination against persons with disabilities and design and construction, and (iii) their responsibilities and obligations under each. The training shall be conducted by a qualified person or organization unconnected to the Design/Construction Defendants, their employees, agents, or counsel. Any expenses associated with this training shall be borne by the applicable Design/Construction Defendant. The applicable Design/Construction Defendant will provide each key person a copy of this Partial Consent Decree and Fair Housing Act training; and shall secure and deliver to counsel for the United States a signed statement from each key person that he or she has received the same. These statements shall be substantially in the form of Appendix B (Partial Consent Decree) and Appendix C (Fair Housing Act Training).

27. No later than 30 days after a Design/Construction Defendant hires or retains a new key person, involved in the actual design or construction of multifamily dwellings covered by the Act, the applicable Design/Construction Defendant will provide each such key person a copy of this Partial Consent Decree and Fair Housing Act training; and shall secure and deliver to counsel for the United States a signed statement from each such key person that he or she has received the same. These statements shall be substantially in the form of Appendix B and Appendix C.

## VIII. PUBLIC NOTICE OF NON-DISCRIMINATION POLICY

28. During the term of this Decree, Defendant Sharlands Terrace LLC and Defendant Blatt Development of Nevada, Inc., shall post and prominently display the federal Fair Housing Poster, as described by 24 C.F.R. 110.15 and 110.25, in the sales or rental offices of all dwellings owned or operated by them, if any, and in any other place in which persons may inquire about renting or purchasing dwellings from them.

29. For the duration of this Partial Consent Decree, in all future advertising in newspapers where the advertisement is more than two square inches, on pamphlets, brochures and other promotional literature, and on any internet website regarding any new covered units that Defendant Sharlands Terrace LLC and/or Defendant Blatt Development of Nevada, Inc., may own, develop, construct or manage, Defendant Sharlands Terrace LLC and/or

Defendant Blatt Development of Nevada, Inc., shall place, in a conspicuous location, a statement that the dwelling units include features for persons with disabilities required by the federal Fair Housing Act.

### IX. ADDITIONAL MONITORING REQUIREMENTS

30. For the duration of this Decree, the Design/Construction Defendants shall advise counsel for the United States in writing no later than 15 days after receipt of any new and initial formal or informal complaint against them, their employees or agents, regarding disability discrimination in housing under the Act. The Design/Construction Defendants shall also promptly provide the United States all non-privileged information it may request concerning any such complaint. No later than 15 days after the resolution of any such complaints, the Design/Construction Defendants shall advise counsel of the United States of such resolution.

31. For the duration of this Decree, the Design/Construction Defendants are required to preserve all records related to this Decree regarding the subject property and all future covered multifamily dwellings to be designed, constructed, owned, operated or acquired by them. Upon reasonable notice to the Design/Construction Defendants, representatives of the United States shall be permitted to inspect and copy any of the Design/Construction Defendants' non-privileged records or inspect any covered dwelling or any covered public and common use areas under the Design/Construction Defendants' control at reasonable times so as to determine compliance with the Decree.

32. No later than 180 days after the entry of this Decree, the Design/Construction Defendants shall submit an initial report containing the signed statement verifications of attendance for key persons, who have completed the education program specified in Section VII of this Partial Consent Decree. Thereafter, during the term of this Decree, the Design/Construction Defendants shall, one year after its entry and again 23 months after its entry, submit to the United States a report containing the signed statements of new employees verifying that, in accordance with Section VII, they have received and read the Decree and had an opportunity to have questions about the Decree answered.

### X. DURATION OF DECREE AND TERMINATION OF LEGAL ACTION

33. This Partial Consent Decree shall remain in effect for two (2) years after the date of its entry. The Court shall retain jurisdiction for the duration of this Partial Consent Decree, after which time the case shall be dismissed with prejudice.

34. With respect to Defendant Michael T. Blatt, after Mr. Blatt has completed the Educational Program set forth in Section VII of this Partial Consent Decree and the Design/Construction Defendants have paid the sums set forth in Sections II and III of this Partial Consent Decree , all claims against him individually for the monetary

relief, injunctive relief, and civil penalties addressed in this Partial Consent Decree shall be dismissed with prejudice, through an appropriate stipulation of dismissal executed by counsel for Mr. Blatt, the United States, SSFHC and Mr. Babiak.

35. By consenting to entry of this Decree, the United States and the Design/Construction Defendants agree that in the event that the Design/Construction Defendants engage in any future violation(s) of the disability provisions of the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(A)-(C), in any construction or ownership beginning after entry of the Decree, such violation(s) shall constitute a "subsequent violation" pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii).

<u>XI. TIME FOR PERFORMANCE</u>

36. Any time limits for performance imposed by this Partial Consent Decree may be extended by written agreement between the performing party or parties and the party or parties to whom the benefit of the performance accrues.

37. The parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Partial Consent Decree. However, in the event of a failure by the Design/Construction Defendants to perform in a timely manner any act required by this Decree or otherwise to act in conformance with any provision thereof, any Plaintiff may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorneys' fees which may have been occasioned by the violation or failure to perform.

38. Pursuant to and subject to the provisions of Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c), the Court hereby refers all matters and proceedings regarding enforcement of this Partial Consent Decree to Magistrate Judge Valerie P. Cooke. An executed Notice of Consent to have the Magistrate Judge conduct all proceedings is attached hereto as Appendix D. In the event that Magistrate Judge Cooke is unable to perform the duties referred under this paragraph, the relevant parties consent to, and the Court shall refer all matters and proceedings regarding enforcement of this Consent Order to another Magistrate Judge to be selected by the random selection process established by the United States District Court for the District of Nevada.

<u>XII. COSTS OF LITIGATION</u>

39. Subject to any determination made by the Court pursuant to paragraph 37, the United States, the Design/Construction Defendants and the Current Owner Defendants shall bear their own costs and attorney's fees

associated with this litigation. By reason of this Consent Decree, no party to this action shall be deemed a prevailing party.

IT IS SO ORDERED:

This 6th day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

Agreed to by the parties as indicated by the signatures of counsel below:
FOR PLAINTIFF UNITED STATES:

DANIEL G. BOGDEN
United States Attorney

GREG ADDINGTON
Assistant United States Attorney

STEVEN H. ROSENBAUM
Chief
R. TAMAR HAGLER
Deputy Chief
HOWARD R. GRIFFIN
Trial Attorney
United States Department of Justice
Civil Rights Division
Housing & Civil Enforcement Section
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
202-353-9062, 202-514-1116 (fax)

Date: 05/26/2011

FOR PLAINTIFFS SILVER STATE FAIR
HOUSING COUNCIL, INC. AND PAUL BABIAK:

CHRISTOPHER BRANCART
BRANCART & BRANCART
Post Office Box 686
Pescadero, California 94060
650-879-0141, 605-879-1103 (fax)

IAN SILVERBERG
96 Winter Street
Reno, NV 89503
775-322-7422, 775-322-2303 (fax)

Date: 5/26/2011

-12-

1  FOR DEFENDANTS SHARLANDS TERRACE, LLC,
   BLATT DEVELOPMENT OF NEVADA, INC.,
   AND MICHAEL T. BLATT:

2

3

   BRIAN M. McMAHON
4  Hamilton & McMahon, Ltd.
   577 California Avenue
5  Post Office Box 40638
   Reno, NV 89504-4638
6  775-348-2700, 775-348-2745 (fax)

7
   Date:_____
8
   FOR DEFENDANT JEFF CODEGA
   PLANNING AND DESIGN, INC.:
9

10
   _____
   DANIEL T. HAYWARD
11 Laxalt & Nomura, Ltd.
   9600 Gateway Drive
12 Reno, NV 89521
   775-322-1170, 775-322-1865 (fax)
13

14 Date:_____

15
   FOR DEFENDANT JAMES TIBBENS
16 DBA SAN JOAQUIN DESIGN GROUP:

17
   _____
18 R. SHAWN OLIPHANT
   Fahrendorf, Viloria, Oliphant & Oster, LLP
19 327 California Ave.
   P.O. Box 3677
20 Reno, NV 89509
   775-348-9999
21

22 Date:_____

23

24

25

26

27

28

                              -13-

1   FOR DEFENDANTS SHARLANDS TERRACE, LLC,
    BLATT DEVELOPMENT OF NEVADA, INC.,
    AND MICHAEL T. BLATT:

2

3   _____
    BRIAN M. McMAHON
4   Hamilton & McMahon, Ltd.
    577 California Avenue
5   Post Office Box 40638
    Reno, NV 89504-4638
6   775-348-2700, 775-348-2745 (fax)

7   Date:_____

8   FOR DEFENDANT JEFF CODEGA
    PLANNING AND DESIGN, INC.:
9

10  _____
    DANIEL T. HAYWARD
11  Laxalt & Nomura, Ltd.
    9600 Gateway Drive
12  Reno, NV 89521
    775-322-1170, 775-322-1865 (fax)
13
14  Date:   5-26-11

15
    FOR DEFENDANT JAMES TIBBENS
16  DBA SAN JOAQUIN DESIGN GROUP:

17
    _____
18  R. SHAWN OLIPHANT
    Fahrendorf, Viloria, Oliphant & Oster, LLP
19  327 California Ave.
    P.O. Box 3677
20  Reno, NV 89509
    775-348-9999
21
    Date:   5-26-11
22

23

24

25

26

27

28

-13-

APPENDIX A

RELEASE OF ALL CLAIMS

In consideration of and contingent upon the payment of the sum of _____ dollars ($          ), pursuant to the Partial Consent Decree entered in <u>United States v. Sharlands Terrace,, LLC, et al.</u>, Civil Action No. CV-N-04-0292; and <u>Silver Sate Fair Housing Council, Inc., et al. v. Sharlands Terrace,, LLC, et al.</u>, Civil Action No. CV-N-04-0397, in the United States District Court for the District of Nevada, I on behalf of myself as well as my heirs, representatives, executors, successors, administrators, assigns, predecessors or successors in interest, and all other claiming through me, hereby release and forever discharge Defendants Sharlands Terrace,, LLC, Jeff Codega Planning and Design, Inc., James Tibbens dba San Joaquin Design Group, Blatt Development of Nevada, Inc., and Michael T. Blatt, as well as each of their past, present, and future directors, officers, shareholders, representatives, agents, administrators and insurers (the "Related Parties"), from any and all liability for any monetary claims, known or unknown, whether pleaded or not in this civil action, which I may have against them arising out of the issues alleged in this action as of the date of the entry of the Partial Consent Decree or the design and construction of the subject property as it relates to the handicap-accessibility provisions of the Fair Housing Act. This release extends to and applies to and includes all unknown, unforeseen, unanticipated and unsuspected claims, cause of action, injuries, damages, loss and liability, and the consequences thereof, as well as those now disclosed and known to exist as it relates to the handicap-accessibility provisions of the Fair Housing Act.

_____
(Signature)

NAME: _____

ADDRESS: _____

_____

DATE: _____

APPENDIX B
ACKNOWLEDGMENT OF RECEIPT OF CONSENT DECREE

1

      On _____ , I received copies of and have read the Consent Decree entered by the

2
federal district court in <u>United States v. Sharlands Terrace, LLC, et al.</u>, Civil Action No. CV-N-04-0292 (D. Nev.)
and <u>Silver State Fair Housing Council, Inc., et al. v. Sharlands Terrace, LLC, et al.</u>, Civil Action No. CV-N-04-0397

3
(D. Nev.). I have had all of my questions concerning the Consent Decree and the Fair Housing Act answered to my
satisfaction.

4

5
                                                          _____
                                                           (Signature)

6

7
                                                           _____
                                                           (Print name)

8

9
                                                           _____
                                                           (Position)

10

11
                                                           _____
                                                           (Date)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPENDIX C

CERTIFICATION OF FAIR HOUSING TRAINING

On _____ , I attended training on the federal Fair Housing Act, including its requirements concerning physical accessibility for people with disabilities. I have had all of my questions concerning the Fair Housing Act answered to my satisfaction.

_____
(Signature)

_____
(Print name)

_____
(Position)

_____
(Date)

-16-

1

2
                     APPENDIX D

   CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

3
Consent to the Exercise of Jurisdiction by a United States Magistrate Judge

       In accordance with provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in the consolidated

4
case, <u>United States v. Sharlands Terrace, LLC, et al.</u>, Civil Action No. CV-N-04-0292 (D. Nev.) and <u>Silver State</u>

<u>Fair Housing Council, Inc., et al. v. Sharlands Terrace, LLC, et al.</u>, Civil Action No. CV-N-04-0397 (D. Nev.),

5
consent to have a United States Magistrate Judge conduct any and all proceedings regarding enforcement of this

Consent Order.

6

| Party | Signature | Date |
|---|---|---|

7
Silver State Fair Hous. Council, Inc., et. al.   _____   _____

8
United States of America   _____   _____

9
Sharlands Terrace, LLC, et. al.   _____   _____

10
J. Codega Planning and Design, Inc.   _____   _____

11
J. Tibbens dba San Joaquin Design Group   _____   _____

12

13
                     Order of Reference

14
     IT IS HEREBY ORDERED that any and all proceedings regarding enforcement of this Consent Order, be

referred to the Honorable Valerie P. Cooke, in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

15
_____     _____

16
Date                    United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28